## 29331. PROVEAUX v. THE STATE.

HALL, Justice.

Carl Proveaux was sentenced to life imprisonment for the murder of the ten-month-old son of his girl friend, and appeals arguing that the child's death was an accident.

The trial evidence showed that the child died from injuries received while in Proveaux' care. Proveaux admitted to an investigator that he had abused the child on previous occasions, but maintained to the investigator

and at trial that he had been changing its diaper and when he left the room for a moment it had fallen from the sofa onto the floor. He testified that it was gasping for breath, and he slapped it a few times to revive it, and then attempted to administer heart massage. The testimony of the director of the State Crime Laboratory, who conducted the autopsy, was that he found extensive external and visible injuries to the child, including teeth marks on both arms, and extensive internal injuries which were inconsistent with a fall from a sofa and with heart massage but were consistent with a blow or blows to the body. The evidence tended to show multiple impacts to the abdominal cavity, as well as hemorrhages of the liver surface and of the tissues below the pancreas. The cause of death was a rupture in the heart, and his opinion was that such a rupture was consistent with a very hard, localized blow, and totally inconsistent with a fall from a sofa or heart massage.

On this appeal Proveaux raises six enumerations of error, but argues only the general grounds. He asserts that the state failed to prove on his part any intention to harm the baby.

It was for the jury to determine the fact issue whether the child's heart was ruptured by a fall or by heart massage, or whether by Proveaux's intentional blows. They resolved this issue by concluding that Proveaux intended the blows. The question of intention is peculiarly within the province of the jury to decide. *Cole v. State,* 118 Ga. App. 228 (163 SE2d 250). The evidence detailed above was sufficient to sustain the verdict, which will therefore be affirmed. *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520). The evidence showed no considerable provocation, and the jury was authorized to conclude that the circumstances of the killing showed an abandoned and malignant heart. Therefore, malice could be implied (Code Ann. § 26-1101 (a)) and a verdict of guilty of murder was authorized.

Enumerations 3, 5 and 6, not being argued, are deemed abandoned. Supreme Court Rule 18(c); *West v. State,* 229 Ga. 427, 429 (192 SE2d 163).

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED OCTOBER 25, 1974 — DECIDED
JANUARY 8, 1975.

*Albert G. Ingram,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.