### 30710. DODD v. THE STATE.

INGRAM, Justice.

Appellant was convicted after a jury trial in DeKalb County for the offense of armed robbery and received a 15-year sentence. He appeals his conviction after the trial court denied a motion for new trial. After reviewing the enumerations of error, we affirm the judgment of the trial court as we find no reversible error.

The facts are that two men robbed the manager of the Scott Drive-in Movie Theater in DeKalb County of the box office receipts and his personal money. There were three other witnesses to the robbery, all of whom identified appellant as one of the perpetrators. The witnesses also

identified a pistol found in appellant's possession as one that looked similar to the pistol one of the robbers used in committing the crime. One of the witnesses was able to give the police three digits on the automobile tag of the get-away car. Appellant had a tag receipt with these digits in his possession when he was arrested on a different charge. Appellant's defense at trial was alibi and he produced a witness who testified to his presence elsewhere at the time of the commission of the crime.

Appellant enumerates as error the failure of the trial court to grant a new trial on the general grounds. There is sufficient evidence to support the jury verdict and this enumeration is without merit. See *Proveaux v. State,* 233 Ga. 456 (211 SE2d 747) (1974).

Appellant also enumerates as error the refusal of the trial court to exclude testimony concerning the identification of appellant by the witnesses to the robbery. Appellant was in custody and under arrest on another charge. A polaroid picture was taken of him and mixed with polaroid photographs of five other men of similar age, hair style and appearance. Each witness was shown the pictures separately and each chose appellant as the perpetrator. Appellant was then indicted for the armed robbery. Each witness also identified appellant at trial. After each witness had chosen appellant's picture, the police officer indicated to them that the man chosen was a prime suspect. It is not a good practice to indicate to a witness that he has chosen the "right" person as it could lead to an improper tainting of a subsequent in-court identification in a questionable case. However, whether a subsequent in-court identification is tainted depends on all the circumstances of each case. " . . . [C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). See also *Fleming v. State,* 236 Ga. 434 (1976), and cits.

In the present case, the witnesses all had an opportunity to observe appellant for five or six minutes in

good light at the time the crime was committed and all of the witnesses identified appellant at the trial. Under the totality of the circumstances present here, the pre-trial photographic identification in this case did not impermissibly taint the subsequent in-court identification of the appellant. We find no error under the facts of this case.

Appellant also urges in connection with the pre-trial photographic identification that appellant had a right to counsel at the time the witnesses viewed the photographs. The U. S. Supreme Court, in United States v. Ash, 413 U. S. 300 (1973), rejected the contention that a post-indictment photographic display was a "critical stage" of a criminal prosecution to which the Sixth Amendment right to counsel attached. This necessarily means that a pre-indictment photographic identification does not require the presence of counsel. There is no established constitutional right to counsel at an out of court photographic identification where the defendant is not present. See United States v. Ballard, 423 F2d 127 (5th Cir. 1970). Similarly, there is no right to have counsel present when an identifying photograph is taken. We find this enumeration of error to be without merit.

Appellant also enumerates as error the trial court's grant of a co-indictee's motion to quash a subpoena issued for the co-indictee's appearance as a witness at appellant's trial.

The co-indictee, Alberson, was charged with appellant as a perpetrator of this crime. Appellant's claim at the motion to quash hearing was that the witnesses who had identified appellant as one of the robbers had also misidentified the co-indictee Alberson. In order to discredit the witnesses he wanted them to admit misidentifying Alberson. Alberson's attorney appeared at the hearing on the motion and stated that he would advise his client to refuse to answer any questions on the basis of the privilege against self-incrimination. The trial court granted the motion to quash the subpoena.

The Constitution of the State of Georgia and the United States Constitution both guarantee a criminal defendant the right of compulsory process to obtain the testimony of witnesses. Code Ann. § 2-105. Sixth

Amendment, U. S. Constitution. See also Code Ann. § 27-414. However, the co-indictee witness as any other witness has a right granted by the Fifth Amendment to refuse to answer any questions which may tend to incriminate him. The issue squarely presented then is whether the right to refuse to testify on the grounds of the privilege against self-incrimination authorizes the trial court to refuse to require the witness to appear at trial. We are thus confronted in this case with a conflict between the defendant's right to compulsory process and the witness' right to refuse to answer questions that might tend to incriminate him. Other courts have dealt with this issue and some of these cases are noted below.

In Myers v. Frye, 401 F2d 18 (7th Cir. 1968), the trial court refused to allow a defendant to call an accomplice to the witness stand as a surrebuttal witness. The accomplice's lawyer had advised the judge that the accomplice would refuse to testify on Fifth Amendment grounds. The Circuit Court of Appeals affirmed and refused to find a Sixth Amendment violation in these circumstances.

A more important case is Bowles v. United States, 439 F2d 536 (D.C. Cir., 1970), cert. den., 401 U. S. 995. Bowles had told his mother that he had killed the victim. At trial, however, he stated that he was bragging to his mother and knew about the crime only because Raymond Smith had told him and two others that he [Smith] had killed the victim. One of the other participants in the conversation verified Bowles' story. The trial judge, after ascertaining out of the presence of the jury that Smith would invoke the privilege against self-incrimination, refused to permit the defendant to call Smith to the stand. The trial court also refused to tell the jury that Smith had invoked the privilege. The Court of Appeals found no error. "It is well settled that the jury is not entitled to draw any inferences from the decision of the witness to exercise his constitutional privilege whether those inferences be favorable to the prosecution or the defense." P. 541. It follows, they said, that " . . . a witness should not be put on the stand for the purpose of having him exercise his privilege before the jury." P. 542. This case was followed by the Ninth Circuit in United States v. Beye, 445 F2d

1037 (1971).

Where a co-defendant pleads guilty to one count of a six-count indictment and is still subject to prosecution on those counts, he may assert the privilege against self-incrimination. Where that witness had indicated to the trial judge outside the presence of the jury that he will assert that privilege he may not be called by the defendant. The Court of Appeals reasoned that the Sixth Amendment right to call witnesses " . . . must be considered in the light of its purpose, namely, to produce testimony for the defendant . . . Calling a witness who will refuse to testify does not fulfill the purpose and the ruling of the trial court was mandated under Beye." United States v. Roberts, 503 F2d 598, 600 (9th Cir. 1974), cert. den., 419 U. S. 1113 (1975). Cf. Commonwealth v. Greene, 445 Pa. 228 (285 A2d 865) (1971).

We agree with these circuit court decisions and find them sound, well reasoned and dispositive of the same issue in this case. Accordingly, we hold the trial court did not err in granting the motion to quash the subpoena for the appearance at appellant's trial of the co-indictee who claimed his Fifth Amendment right to refuse to testify in this case.

The final enumeration of error concerns the charge given to the jury on criminal intent. The charge contained part of an old charge on criminal intent. See *Williams v. State,* 126 Ga. App. 454, 455 (191 SE2d 100) (1972). This was followed by a full and complete charge that gave both the substance of Code Ann. § 26-605 and an elaboration of that Code section which was beneficial to appellant. The charge when viewed as a whole appears to have provided the jury with proper guidelines for determining the element of criminal intent. See *Hilton v. State,* 233 Ga. 11 (209 SE2d 606) (1974). See also *Parks v. State,* 234 Ga. 579 (216 SE2d 804); *Proctor v. State,* 235 Ga. 720, 726 (221 SE2d 556) (1975).

We have reviewed each of the enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 20, 1976 — DECIDED APRIL 6, 1976.

*Robert L. Whatley,* for appellant.

*Richard Bell, District Attorney, George N. Guest, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.