## 30806. MYERS v. THE STATE.

INGRAM, Justice.

Appellant, Jimmy Larry Myers, was convicted after a jury trial in Chatham County of armed robbery and two counts of aggravated assault. He received one 12-year and two 5-year sentences, all to run concurrently. After his motion for a new trial was denied by the trial judge, appellant filed the present appeal. The four enumerations of error asserted in this appeal have been considered and found to be without merit.

The evidence shows that appellant entered the Montgomery Street Dairy Queen in Savannah and, at gunpoint, demanded the receipts in two cash registers

from three women employees. He then ordered the women into a back room and demanded they undress. One employee began screaming and a struggle ensued. Appellant's gun was fired when one employee tried to grab the pistol from appellant. Two rounds misfired, but the third round fired and caused powder burns on the employee struggling over the gun. The discharged bullet also struck one of the other women and wounded her. Appellant fled out the back door after the gun was fired.

A fourth witness had seen appellant enter the Dairy Queen as she was leaving it earlier. She waited in her car and saw appellant in the establishment with the gun. She wrote down part of his automobile tag number and called the police. On the basis of the automobile tag number, the police went to appellant's apartment where he gave them two contradictory stories of his activities that evening. His wife signed a consent to search and a gun was found under a mattress at appellant's residence. All four women witnesses identified appellant as the robber at his subsequent trial.

Appellant's first enumeration of error is that the trial court erred in refusing to grant a new trial on the general grounds. There was sufficient evidence in this case to support the finding of the jury. See *Proveaux v. State,* 233 Ga. 456 (211 SE2d 747) (1974), and *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556) (1975). This enumeration is without merit.

The next enumeration of error is that the trial court erred in permitting each of the witnesses to identify appellant at trial. Appellant argues that pre-trial photographic displays seen by each of the witnesses were so suggestive that their subsequent at-trial identification was tainted. Whether a subsequent in-court identification is impermissibly tainted depends on the circumstances of each case. ". . . [C]onvictions based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). See also *Dodd v. State,* 236 Ga.

572 (1976).

The three employees who identified appellant in this case were in the same room with the unmasked robber for about five minutes in good light. They unequivocally identified appellant, both in photographs and at the subsequent trial. The fourth witness had a shorter period of time to observe appellant, but there is no indication that her identification testimony at trial was based on anything other than having seen appellant at the scene of the robbery. This enumeration of error is without merit.

The appellant also asserts there was no evidence that he committed the crime of aggravated assault of two of the women employees as charged in the indictment. It is argued there was no evidence that these women were in immediate fear of bodily injury. All the women, however, testified that they greatly feared for their lives. The details of the actual shooting are murky, but there is evidence that at least the firing of the gun on the third try (after the two misfirings) was not accidental, as appellant argues on appeal. The evidence is sufficient to authorize the jury's verdict.

The final enumeration of error is that the trial court "erred in failing to charge on the law of accident and misadventure" in connection with the aggravated assault charges. This principle of law was not given in the main charge to the jury. However, the jury was returned to the jury box during their deliberation and received further instructions from the trial judge covering the defense of accident or misfortune in connection with the aggravated assault charges in the case. In order to find appellant guilty of these offenses, under the trial court's instructions, the jury had to believe beyond a reasonable doubt that appellant intended to shoot the pistol. The jury was clearly informed that if the evidence showed the pistol was not deliberately fired by appellant but rather was accidentally discharged, the verdict should be not guilty as to the assault charges. We find no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 16, 1976 — DECIDED APRIL 20, 1976.

*John Wright Jones,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Michael K. Gardner, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.