## 59747. MILSTEAD v. THE STATE.

Birdsong, Judge.
Michael Milstead was convicted of rape and sentenced to serve 20 years. He brings this appeal enumerating four alleged errors. *Held:*

1. In his first two enumerations of error, Milstead complains that the trial court erred in its charge to the jury. In the first portion of the charge to which complaint is made, Milstead argues that the court erred in advising the jury that generally photographic identification is more reliable where the selection process results from the viewing of a group of similar photographs rather than the display of the defendant's picture alone to the identifier.

In this portion of its charge, the trial court gave a full and detailed charge on visual identification, reminding the jury that the veracity of the testimony depended upon many factors, such as length of time of exposure to the defendant, physical surroundings such as lighting conditions, distance separating the observer and observed, past acquaintance, length of time elapsing between observation and identification, the identifier's credibility and sureness of recognition. The court advised the jury that the reliability of the visual identification could be affected by the subsequent exposure of the identifier to a photograph. If that occurred, the jury was advised to scrutinize the testimony with great care. In what was obviously a reference to the standards established in Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247), the trial court advised the jury that *generally* a picture picked from several similar photographs is more reliable than the single picture of the defendant. We conclude that this is nothing more than an observation that such circumstances are less suggestive and less likely to give rise to an irreparable misidentification, a concern also expressed in cases such as Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) and *Myers v. State,* 236 Ga. 677, 678 (225 SE2d 53). While we do not recommend this charge for emulation, neither do we conclude that in

the context of the entire charge on identification was this single exhumed portion prejudicial as amounting to a comment on the evidence. See *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). Rather we conclude that the comment was the recognition of a proper statement of law and did no more than state a self-evident fact. *Blair v. State,* 144 Ga. App. 118, 120 (4) (240 SE2d 319).

In his second complaint, Milstead urges that the court erred in its charge on credibility by advising the jury that the jury could consider Milstead's interest in the outcome of the trial in weighing his credibility. Once again we consider this to be nothing more than a proper statement of law and nothing more than the statement of a self-evident fact. *Blair v. State,* supra. Moreover, this instruction had received approval by this court in *Walker v. State,* 132 Ga. App. 274, 278 (5) (208 SE2d 5). These two enumerations are without merit.

2. In his third enumeration of error, Milstead argues that the trial court erred in refusing to allow the pre-recorded evidence of an absent witness to be presented to the jury. The witness had appeared at a bond hearing and testified as to an alibi. However, appellant admitted that even though he believed the witness to be important and cooperative, the witness was never placed under subpoena. Also even though there was evidence that the witness might be in Colorado, counsel was not able to verify where the witness might be at the time of trial nor even to exclude the possibility that the witness still could be within the jurisdiction of the court. All counsel could relate was that the whereabouts of the witness was unknown. Lastly it was obvious that the testimony of the witness was cumulative. The defendant himself testified as to the alibi and presented another witness who testified to the same facts that ostensibly could have been presented by the absent witness.

The question of the inaccessibility of a witness depends upon the diligence shown by the party seeking to use the testimony in locating the witness and attempting to bring the witness to court. Whether such diligence has been shown so as to authorize admission of prior recorded testimony is a question addressed to the sound discretion of the trial judge and the decision of the court will not be reversed unless a manifest abuse of discretion is apparent. *Robinson v. State,* 128 Ga. 254, 256-257 (57 SE 315); *Brooks v. State,* 69 Ga. App. 697, 701 (26 SE2d 549). We find no such abuse in this case. Moreover, even assuming error, it would be harmless inasmuch as the testimony was merely cumulative of other evidence properly before the jury. See *Glass v. State,* 235 Ga. 17 (218 SE2d 776); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53); *Hughes v. State,* 228 Ga. 593 (187 SE2d 135); *State v. Lively,* 155 Ga. App. 402 (1980). This enumeration lacks merit.

3. In his final enumeration of error, Milstead contends that the evidence is insufficient to make out the crime charged. The facts unequivocally show that the victim was forcibly raped. The victim was positive in her identification of Milstead as her assailant. She helped prepare a composite sketch of her assailant that caused others to suggest appellant as a suspect. Human hairs were taken from the victim's bed that were identified as probably coming from the appellant's head. When the assailant left the victim's apartment, the assailant drove away in a Volkswagen. The appellant drove his mother's Volkswagen frequently. Opposed to this testimony was evidence of an alibi, and although the evidence of appellant's identity was in conflict, the jury resolved those issues against the appellant, and the evidence adequately supports the verdict of the jury. *Griffin v. State,* 237 Ga. 532 (228 SE2d 908). We are satisfied that any rational trier of fact reasonably could have found proof of the essential elements of the crime charged beyond reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). This enumeration also lacks merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED JULY 2, 1980 — REHEARING DENIED JULY 17, 1980 —

*Rupert A. Brown, Jim Hudson,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.