## 60111. STAFFINS v. THE STATE.
## 60215. WILKES v. THE STATE.

SMITH, Judge.

Appellants bring these appeals from their convictions for armed robbery. Their sole enumeration cites as error the trial court's partial overruling of their motion to suppress eyewitness identification. We affirm.

Appellants were charged with the August 1, 1978 armed robbery of a Lowndes County bank. At a pretrial hearing held on October 30, 1979, a Lowndes County deputy sheriff testified that on the morning following the robbery, each eyewitness had separately reviewed a "mug book" which contained a photograph of each appellant. However, appellant Staffins' picture was five years old and appellant Wilkes' picture was nearly two years old and showed him with long hair; he had short hair on the day of his arrest. The eyewitnesses were unable to identify the robbers from the pictures when in the mug book. On that same morning, however, appellants were apprehended in Florida and Polaroid snapshots were taken of them and inserted in the mug book. On the following day, August 3, each eyewitness was again asked to review the mug book. While the addition of appellants' recent snapshots was the only change in the contents of the mug book, the new pictures were not conspicuous by their addition. The mug book contained photographs of between 30 and 40 white males of varying ages. Some photographs were in black and white and others were in color. Some were standard "mug shots" while others were simply snapshots. After a "careful and conscientious" review of the mug book all three eyewitnesses identified only the newly added snapshots as being the robbers. After they had selected appellants' pictures, the eyewitnesses were told by the police that they had

picked out the suspects who were in custody.

"It is not a good practice to indicate to a witness that he has chosen the 'right' person as it could lead to an improper tainting of a subsequent in-court identification in a questionable case. However, whether a subsequent in-court identification is tainted depends on all the circumstances of each case. '. . . (C)onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' Simmons v. United States, 390 U.S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968)." *Dodd v. State,* 236 Ga. 572, 573 (224 SE2d 408 (1976); see *McCranie v. State,* 151 Ga. App. 871 (2) (261 SE2d 779) (1979). In the present case, the trial court suppressed the photographic identification but allowed the in-court identification. Appellants argue that the pretrial identification procedures so tainted the in-court identification as to require its suppression. We cannot agree.

Their testimony at the pretrial hearing showed that although they were frightened and nervous during the robbery, each eyewitness had made a point of looking carefully at the robbers so as to be able to recognize them later. The bank was well lighted and each had observed the robbers for approximately five minutes from a distance of no more than five feet. The robbers were wearing sunglasses, but each eyewitness was able to give a general description of the robbers, i.e., race, height, hair color, clothing, etc. Despite not having seen the robbers face-to-face since the robbery, each eyewitness positively identified appellants as the robbers.

Moreover, at this pretrial hearing — held some 15 months after the robbery — not one of the eyewitnesses could recall having identified either appellant out of a mug book; their in-court identification of appellants as the robbers was based solely on their individual recollection of the robbery itself. See *Newkirk v. State,* 155 Ga. App. 470 (1980). Also, due to appellants' notoriety, their capture received considerable publicity in the local press and television. Each eyewitness had seen appellants either in newspaper photographs or on television the day following the robbery when appellants were captured. Nevertheless, each testified that he was not persuaded by this coverage to believe appellants were the robbers but rather each recognized appellants from this coverage as being the robbers. "Under the totality of the circumstances present here, the pre-trial photographic identification in this case did not impermissibly taint the subsequent in-court identification of the appellant[s]. We find no error under the facts of this case." *Dodd,* supra at 574; *Butler v. State,* 226 Ga. 56 (1) (172 SE2d 399) (1970).

*Judgments affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 6, 1980 — DECIDED
SEPTEMBER 8, 1980.

*Richard M. Cowart, Roger J. Dodd,* for apellant (case no. 60111).
*J. Carol Sherwood, Jr., Roger J. Dodd,* for appellant (case no. 60215).
*H. Lamar Cole, District Attorney,* for appellee.