## 72119. ALEXANDER v. THE STATE.
### (344 SE2d 739)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. *Held*:

1. Defendant contends that the trial court erred in not requiring disclosure of the identity of an anonymous informant. However, defendant's trial counsel (different from appellate counsel) raised no issue in this regard at trial. Indeed, trial counsel stated in his place, "that I'm not in any way trying to determine the identity of this informant." A party cannot ignore what he thinks is an injustice during

the trial, take his chance on a favorable verdict, and complain later. *Joyner v. State,* 208 Ga. 435, 438 (2) (67 SE2d 221); *Scott v. State,* 172 Ga. App. 725, 727 (3) (324 SE2d 565); *Bowen v. State,* 173 Ga. App. 361, 362 (4) (326 SE2d 525).

2. Defendant enumerates as error the trial court excluding from evidence an affidavit by one of defendant's witnesses. The affidavit is not included in the record on appeal. However, to the extent that the content of the affidavit is revealed by colloquy between the trial court and counsel, any error in refusing to admit the affidavit was harmless because the matters contained therein were testified to by the witness. See *Boyd v. State,* 168 Ga. App. 246, 251 (7) (308 SE2d 626); *Milstead v. State,* 155 Ga. App. 407 (270 SE2d 820); *Wilson v. State,* 151 Ga. App. 501 (260 SE2d 527). To the extent that the affidavit addressed matters not apparent from the record, defendant has failed in his duty to show harmful error affirmatively by the record. *Roach v. State,* 221 Ga. 783, 785 (4) (147 SE2d 299); *Leverenz v. State,* 140 Ga. App. 632, 639 (9) (231 SE2d 513). This enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED APRIL 16, 1986 — 

*Barry G. Sikes, Edwin Marger,* for appellant.
*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney,* for appellee.