## A91A1529. KING v. THE STATE.
(415 SE2d 684)

SOGNIER, Chief Judge.

Donna Marie King was indicted for murder and convicted of voluntary manslaughter in the death of Dennis McMullen. She appeals from the denial of her motion for new trial.

The evidence adduced at trial established that in late 1987 or early 1988, appellant and her two young children moved into a house rented by McMullen and inhabited by McMullen and several other adults, including appellant's former husband, Keith King. Appellant and McMullen soon became romantically involved. Appellant testified that McMullen was kind to her for the first few weeks but eventually became violent toward her and others, and that he drank heavily nearly every day.

On the night of May 28, 1988, McMullen received several visitors, including a former lover. Appellant testified that she was sitting outside the house and that when she looked through the front window and saw McMullen hugging and fondling two of the women visitors, she decided to leave him. Testimony of the visitors established that they heard the sound of glass breaking in a bedroom and observed a broken window; that McMullen concluded appellant had broken it; that McMullen ran to retrieve his pistol from his car but discovered it was missing; that McMullen went back to the house, got out his shotgun, and fired it into the air; that as the visitors departed they heard appellant and McMullen yelling at one another and then heard five gunshots. McMullen's body was found in the driveway with five bullet wounds from shots fired from his pistol. Appellant initially told police that she had shot McMullen, but in a later statement and at trial she testified that Keith King shot McMullen as he was attacking appellant, and that she had claimed to be the perpetrator at King's insistence because he thought her claim of self-defense would be more credible.

1. Appellant contends the trial court erred by excluding her proffered evidence concerning prior violent acts committed by McMullen against appellant and third parties. On the State's motion in limine to preclude the admission of this evidence, the trial court initially ruled in appellant's favor. However, after appellant testified that she did not shoot McMullen, the court reversed the earlier ruling, reasoning that appellant had not made a prima facie case of self-defense.

At the time this case was tried, Georgia law precluded the use of evidence of specific violent acts toward third parties to show the victim's tendency to commit violent acts. *Hill v. State*, 259 Ga. 655, 657 (4) (386 SE2d 133) (1989).[1] Nonetheless, a defendant is permitted to show the victim's general reputation for violence if the defendant first "makes a prima facie showing that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was hon-

---

[1] The Supreme Court changed this rule effective September 12, 1991, in *Chandler v. State*, 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991), holding that in future cases evidence of specific acts of violence by the victim toward third parties will be admissible when the defendant makes a prima facie case of justification.

estly trying to defend himself. [Cits.]" *Chapman v. State,* 258 Ga. 214, 215 (2) (367 SE2d 541) (1988). Similarly, evidence of specific acts of violence by the victim against the defendant is admissible provided this same prima facie showing is made. *Milton v. State,* 245 Ga. 20, 22 (262 SE2d 789) (1980).

We agree with the trial court that appellant did not set forth a prima facie case of justification or self-defense, for at trial she specifically recanted her earlier statement that she shot McMullen in self-defense and testified instead that he was killed by someone else in her defense. See generally *Bennett v. State,* 254 Ga. 162, 164 (3) (a) (326 SE2d 438) (1985); compare *Chapman,* supra at 214-216. Moreover, even if she had made a prima facie case, evidence of McMullen's specific acts of violence toward others was not admissible. *Bennett,* supra at 164-165 (3) (a). Furthermore, appellant was permitted to testify that McMullen became violent toward her and other members of the household. Accordingly, we find no error.

2. Appellant next enumerates as error the trial court's exclusion of Keith King as a witness after King indicated he intended to claim his Fifth Amendment right against self-incrimination as to any question concerning the events that occurred the night of McMullen's death. As a general rule, "[w]here [a] witness ha[s] indicated to the trial judge outside the presence of the jury that he will assert [his Fifth Amendment] privilege he may not be called by the defendant." *Dodd v. State,* 236 Ga. 572, 576 (224 SE2d 408) (1976). Appellant contends the trial court should have followed the procedure sometimes used in civil cases whereby the witness is permitted to testify as to non-incriminating matters, claiming the privilege as needed. We do not agree. Even assuming, without deciding, that the topics on which appellant sought King's testimony were relevant to the issues before the jury, the Supreme Court has adopted the federal rule that " '[i]f it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. . . .' [Cit.]" *Davis v. State,* 255 Ga. 598, 604 (7) (340 SE2d 869) (1986). Under the circumstances of this case, we find no abuse of that discretion.

3. Appellant also objects to the trial court's refusal to allow a police officer to testify concerning the statement King made to the officer in which King confessed that he shot McMullen. Our courts have prohibited the admission of hearsay confessions made by co-defendants or co-conspirators, even if exculpatory as to the complaining defendant, if the co-defendant does not testify at trial and is not available for cross-examination. *Davis,* supra at 604-605 (8); see OCGA § 24-3-52. Exception is made to this rule, however, if the circumstances surrounding the statement provide indicia of reliability and the testimony is critical to the defendant's Sixth Amendment right of con-

frontation. *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979); *Chambers v. Mississippi*, 410 U. S. 284 (93 SC 1038, 35 LE2d 297) (1973); compare *Davis*, supra.

After carefully reviewing the circumstances of King's statement and the available corroborating evidence, we are not persuaded that this case falls within the exceptions articulated in *Green* and *Chambers*. The statement was not a spontaneous utterance to a friend, but a recorded statement given several days after the crime. Unlike the situation in *Green*, we have no information concerning the use of this statement by the State against King (it appears from the record that he had not been tried at the time of appellant's trial), nor does the record reveal any corroborating evidence for King's confession. Moreover, unlike the witness in *Chambers*, King was not available to testify at appellant's trial because he exercised his Fifth Amendment right against self-incrimination. Accordingly, we find no error. See *Davis*, supra; see also *Davis v. State*, 194 Ga. App. 482, 484-485 (2) (391 SE2d 124) (1990).

4. In her final enumeration, appellant contends the trial court erred by allowing the admission of one of her three statements made to police because it was not produced to appellant at least ten days in advance of trial as required by OCGA § 17-7-210 (a). In response to appellant's notice to produce, the State produced two of appellant's custodial statements on April 4, 1989 and the third on April 10. A jury was struck on April 19, but upon appellant's objection to the admission of the latter statement and the State's ensuing motion for a continuance, the court continued the case until the next day. When the trial reconvened, the court ruled that the lack of compliance with OCGA § 17-7-210 had been cured because ten days had elapsed. The officer's testimony concerning the statement in question and the statement itself subsequently were admitted without further objection.

As appellant notes, the burden of compliance with OCGA § 17-7-210 is on the State, and if the State wishes to introduce the defendant's statement into evidence but does not furnish a copy to the defendant within the requisite time period the remedy is for the State to request a continuance. *Garner v. State*, 159 Ga. App. 244, 245-246 (282 SE2d 909) (1981). However, in the case at bar the State did request a continuance, the trial court continued the case until expiration of the statutory time period, and the court then ruled that the State's burden of compliance had been met. Since appellant neither objected to that ruling nor objected or moved for a mistrial when the statement was introduced into evidence, she cannot now complain of the admission of the statement. *Huguley v. State*, 253 Ga. 709-710 (2) (324 SE2d 729) (1985); accord *Reeves v. State*, 241 Ga. 44 (1) (243 SE2d 24) (1978).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 3, 1992 —
RECONSIDERATION DENIED FEBRUARY 13, 1992 —

*Kelly R. Burke*, for appellant.
*Edward D. Lukemire, District Attorney, Claire C. Chapman, Assistant District Attorney*, for appellee.