A95A0458. ARMOUR v. THE STATE.
(460 SE2d 807)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty on two counts of child molestation. The victims' mother ("co-defendant") was charged in the same indictment for criminal solicitation to make a false statement in that she directed the victims to recant their accusations against defendant. Defendant called co-defendant to testify on his behalf at trial, but she invoked her state and federal constitutional rights against self-incrimination and the trial court did not make her take the stand.

This appeal followed the entry of the judgment of conviction and sentence. *Held*:

1. Defendant's challenge to the sufficiency of the evidence is

without merit. The victims, both under 14 years of age, testified that defendant committed acts which constitute child molestation. This testimony, along with other evidence adduced at trial, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of committing the separate acts of child molestation charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Weeks v. State*, 187 Ga. App. 307 (1), 308 (370 SE2d 344).

2. Next, defendant contends the trial court erred in excusing co-defendant as a defense witness simply because she invoked her state and federal constitutional rights against self-incrimination.

Co-defendant advised the trial court, via counsel and outside the presence of the jury, that she intended to invoke her state and federal rights against self-incrimination. Defense counsel responded by stating that he interviewed the co-defendant before trial and that he intended to question her about matters that do not relate to the pending charges, i.e., two counts of criminal solicitation to make a false statement.[1] Defense counsel then stated that he "would be glad to allow [the co-defendant] to testify with her lawyer sitting next to her advising her of which questions he thinks may be self incriminating." The trial court, however, did not require the co-defendant to take the stand. And defendant now argues that this ruling "denied [him] the opportunity to call a witness on his behalf in violation of [his] due process right to a fair opportunity to defend against the State's accusations as afforded by the Fourteenth Amendment to the United States Constitution." This argument is without merit.

The trial court did not err in not requiring co-defendant to take the stand because charges remained pending against her at the time of defendant's trial. *Duvall v. State*, 259 Ga. 801, 802 (2) (387 SE2d 880). Notwithstanding, defendant argues that the State indicted co-defendant as a ruse to prevent her from testifying on his behalf at trial and, in support of this argument, defendant asserts that "the State entered a nolle prosequi dismissing the charges against [co-defendant soon after his convictions for molesting the victims]." We find no indication in the record, however, that the State has entered a nolle prosequi dismissing the charges against co-defendant. But even assuming the contrary, we find no error in the trial court's decision to excuse co-defendant as a defense witness.

"As a general rule, '(w)here (a) witness ha(s) indicated to the trial judge outside the presence of the jury that [she] will assert [her state and federal privileges she] may not be called by the defendant.' *Dodd*

---

[1] The questions defense counsel proposed related to co-defendant's general knowledge of the nature and consequences of defendant's sexual acts.

*v. State*, 236 Ga. 572, 576 (224 SE2d 408) (1976)." *King v. State*, 202 Ga. App. 817, 819 (2) (415 SE2d 684). And "[e]ven assuming, without deciding, that the topics on which [defendant] sought [the co-defendant's] testimony were relevant to the issues before the jury, the Supreme Court has adopted the federal rule that ' "(i)f it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. . . ." (Cit.)' *Davis v. State*, 255 Ga. 598, 604 (7) (340 SE2d 869) (1986). Under the circumstances of [the] case [sub judice], we find no abuse of that discretion." *King v. State*, 202 Ga. App. 817, 819 (2), supra.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JULY 7, 1995 —
RECONSIDERATION DENIED JULY 26, 1995.

*Thompson, Fox, Chandler, Homans & Hicks, Graham McKinnon IV*, for appellant.

Rex L. Armour, *pro se.*

*Lydia J. Sartain, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.