76171. BROOKS v. THE STATE.
(369 SE2d 801)

CARLEY, Judge.

Appellant was tried before a jury on an accusation charging him with two counts of driving under the influence. Count One alleged a violation of subsection (a) (2) of OCGA § 40-6-391, which prohibits the act of driving or having physical control of a moving vehicle while "[u]nder the influence of any drug to a degree which renders [one] incapable of driving safely. . . ." Count Two alleged a violation of subsection (a) (3) of OCGA § 40-6-391, which prohibits the same acts while "[u]nder the combined influence of alcohol and any drug to a degree which renders [one] incapable of driving safely. . . ." The jury returned a verdict of guilty as to each count. Following the trial court's denial of his motion for new trial, appellant appeals from the judgments of conviction and sentence entered on the verdicts.

1. The general grounds are enumerated. Appellant urges that the State failed to introduce evidence which would authorize a finding that he was under the influence of anything other than alcohol.

However, there was probative testimony given by the arresting officer as a witness for the State to the effect that, based upon his specialized training and experience and his personal observations and knowledge, appellant had presented the appearance and conduct of one who was under the influence of drugs or a combination of drugs and alcohol, rather than one who was under the influence of alcohol alone. Appellant himself testified that he had had only one alcoholic drink. Yet, there was evidence that when appellant was stopped, his face was flushed, his eyes were "bugged wide open," he appeared to be "spaced out," he fumbled for his driver's license, he was unsteady on his feet, he had to balance himself on the side of the car, and he could not successfully complete the field tests. There was no explanation offered by appellant for his on-the-scene behavior and condition other than that he was tired and that the officer was mistaken in his

assessment of the circumstances. After deliberately wiping white powder off his nose, nostrils, and moustache on the way to the police station, appellant refused to submit to either the blood or urine tests for determining alcohol or drug content, as had been requested by the officer, who had also explained the requirement to appellant and who had stated that he suspected cocaine usage. This refusal itself may be considered as positive evidence creating an inference that the test would show the presence of the prohibited substance. OCGA § 40-6-392 (c); *Wessels v. State,* 169 Ga. App. 246 (312 SE2d 361) (1983).

The evidence upon which the jury verdict was based is sufficient to sustain a finding that appellant was under the influence of drugs beyond a reasonable doubt. It meets the test articulated in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After giving curative instructions, the trial court denied appellant's motion for mistrial, which motion had asserted that certain remarks made by the State's counsel in his closing argument were improper. Appellant enumerates as error the denial of his motion for mistrial.

"[W]here, during oral argument, [the prosecuting attorney] makes statements deemed by the defendant to be improper and upon a motion for mistrial the court immediately instructs the jury not to consider such argument, no harmful error appears in the overruling of the motion unless it is manifest that an abuse of the court's discretion has occurred. [Cit.] No such abuse of the trial court's discretion occurred here." *Sprayberry v. State,* 174 Ga. App. 574, 578 (5) (330 SE2d 731) (1985). See also *Black v. State,* 167 Ga. App. 204, 206 (3) (305 SE2d 837) (1983).

3. Appellant's motion for new trial alleged the existence of juror misconduct. The trial court's failure to find this ground for the motion for new trial to be meritorious is enumerated as error.

In support of this ground of the motion for new trial, appellant submitted only the affidavit of his own counsel. In that affidavit, appellant's counsel related statements which had been made to him by a juror concerning her conduct during the course of the trial. "[T]he verdict may not be impeached by the affidavit of a third person establishing the utterance by a juror of remarks which may impeach his verdict. [Cit.] Appellant sought to impeach the verdict in precisely this manner which, under similar circumstances, has repeatedly been disallowed by both this court and the Supreme Court. [Cits.] The trial court thus properly denied appellant's motion for new trial based upon this ground." *Arnold v. State,* 166 Ga. App. 313 (1) (304 SE2d 118) (1983).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 18, 1988.

*Joseph M. Winter*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Gregory A. Adams, Jr., Lee B. Perkins, N. Jackson Cotney, Jr., Assistant Solicitors*, for appellee.