A90A0381. JORDAN v. THE STATE.
(393 SE2d 461)

DEEN, Presiding Judge.

The appellant, Marion Jordan, was convicted of child molestation of his eleven-year-old niece. At the time of the alleged molestation on July 19, 1986, Jordan was living with his brother's family in a trailer. According to the victim, Jordan wet his finger with shampoo and stuck it in her vagina. Some bleeding resulted; the victim's older sister observed Jordan wiping his finger off on the victim's sheet, and later revealed the molestation by showing the victim's blood-stained panties to their mother. The victim had not told anyone about it because Jordan had threatened to beat her half to death until she turned purple if she did.

Two days after the incident, Jordan gave a statement to an investigating officer, in which he indicated that he often noticed the victim and her sister lying on the floor or couch with their "butts shining"; he also acknowledged that he had thought about touching the victim

through the pants, but denied ever having done so. Jordan denied drinking anything the day of the incident, but stated that he had a fifth of MD 20/20 the day before and a half pint on the day of the interview. The victim's older sister testified, however, that on the day of the molestation, Jordan had been drinking heavily, as was his wont. *Held*:

1. Jordan's declared defense was that the actual outlaw was the victim's step-brother, Clarence Eugene Outlaw. The juvenile court had adjudicated him delinquent on a petition that charged him with four episodes of child molestation with four different individuals, one of whom was the victim in the instant case. The charge regarding the victim, which involved a different act and time than the incident for which Jordan was charged, was dismissed when the victim was held to be incompetent to testify. Outlaw was adjudicated delinquent only on two charges involving oral sodomy with two boys. (The fourth charge involving another girl, also was dismissed.)

The State did not call Outlaw as a witness, but Jordan did. Because Outlaw was a juvenile, the trial court appointed counsel to represent him, and upon advice of that counsel, Outlaw asserted his privilege against self-incrimination with regard to any questions about his possible molestation of the victim at any time. The trial court would not allow defense counsel to ask Outlaw in the presence of the jury any question that would require invoking the privilege. On appeal, Jordan contends that the trial court erred in allowing Outlaw to assert that privilege, and further in refusing to allow invocation of the privilege in the presence of the jury.

Since the delinquency petition charge regarding Outlaw's step-sister was dismissed because of the step-sister's incompetence as a witness at that time, it would appear that the trial court was correct in concluding that jeopardy had not attached in the juvenile court proceeding. In a non-jury case, jeopardy attaches when the judge begins to hear evidence. *White v. State*, 143 Ga. App. 315 (2) (238 SE2d 247) (1977). The trial court properly allowed Outlaw to assert his privilege against self-incrimination with regard to the charges brought in the delinquency petition, over Jordan's objection that jeopardy had not attached in that prior proceeding. Further, disallowing questioning Outlaw about the delinquency petition charge regarding his step-sister did not deny or infringe upon Jordan's right of cross-examination of a witness under *Davis v. Alaska*, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974), if for no other reason than that Jordan called Outlaw as his own witness and Outlaw was never declared a hostile witness.

In a civil case, the jury may draw an inference of guilt from a privileged refusal to testify, but not in a criminal case. *Simpson v. Simpson*, 233 Ga. 17 (209 SE2d 611) (1974). Jordan's claim of a right

to have his own witness in a criminal case actually assert his privilege in the presence of the jury is sustained by no authority. As Jordan notes, the Supreme Court by footnote has intimated that "the assertion by a witness of his Fifth Amendment rights in the jury's presence need not be harmful, and in many instances would be appropriate." *Lawrence v. State*, 257 Ga. 423, 425 (360 SE2d 716) (1987). However, we do not consider the instant case to be one of those "many instances."

2. Jordan proffered the testimony of a former police officer, recounting Outlaw's statement (given during the investigation of the delinquency petition) that he had wanted to perform oral sex on his step-sister, but the trial court excluded the testimony. Generally, such third party declarations against penal interest are inadmissible. *Green v. State*, 242 Ga. 261 (14) (249 SE2d 1) (1978). The United States Supreme Court relaxed the declaration against interest exception in a particular case regarding a third party's confession to having committed the very act for which the defendant was on trial. *Chambers v. Mississippi*, 410 U. S. 284 (93 SC 1038, 35 LE2d 297) (1973). Relaxation of the general rule, however, is inappropriate in the instant case, where the third party statement concerned an act separate from and irrelevant to the subject matter of the trial.

3. The trial court did not err in finding the victim to be a competent witness. She correctly explained the difference between telling the truth and lying, and understood that she was obligated to tell the truth at trial, and that she was subject to punishment if she did not. *Hester v. State*, 187 Ga. App. 873 (1) (371 SE2d 684) (1988).

4. Contrary to Jordan's contention, the evidence authorized a rational trier of fact to find Jordan guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1990 —
REHEARING DENIED APRIL 19, 1990.

*Wm. Davis Hentz*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, Lowell K. Lawson, Assistant District Attorney*, for appellee.