A90A1972. GRIGGS v. THE STATE.
(402 SE2d 118)

COOPER, Judge.

Appellant was tried before a jury and convicted of violation of the Georgia Controlled Substances Act by possessing methamphetamine. He appeals from the denial of his motion for a directed verdict of acquittal and asserts the general grounds.

On a single day, a sheriff's deputy observed appellant driving a red Ford Maverick three times: once, with a passenger in the front seat; a second time, alone in the vehicle and a third time with two passengers, one seated in the front seat and the other in the back seat. On the third occasion, the car was parked behind a vacant building beside a van. The deputy approached the vehicle and observed the passenger in the front seat drop an object from his window, which the deputy's examination revealed was a change purse containing several bags of amphetamine powder marked with black ink, empty plastic bag corners, plastic bag corners with white powder residue and several pre-cut twist tie sections. The men were removed from the car, and it was searched. Behind the driver's seat at the corner near the door, within "finger's reach" of the driver, the deputy discovered two plastic bags containing white powder. Two syringes were also

found stuffed down in the back seat. The three men were arrested, and after *Miranda* rights were read, appellant made several statements which were documented by the deputy. Appellant asked, "did the dope have any black ink on it?" The deputy answered that the substance in the change purse did, but that discovered behind the driver's seat did not. Appellant stated, "Then it wasn't mine." The white powder was thereafter identified as methamphetamine with a weight of .3 grams.

Appellant contends that the trial court erred in failing to grant a directed verdict because there was no evidence linking him to the contraband found behind the driver's seat, asserting the "equal access rule" as a defense.

" ' "*In the absence of any circumstances to the contrary,* a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein." [Cits.]' This rule is equally applicable to an automobile in which the accused is only the driver or in possession of the vehicle. [Cits.] 'As to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it.' [Cits.] . . . [In other words,] ' "(m)erely finding contraband (in a car) occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." ' [Cits.] . . . *If the only evidence of possession* of contraband found in an automobile *is that the defendant is the owner, driver, or is in possession* of the vehicle, *and there is evidence of prior use* of the vehicle by other parties in the recent past, *or equal access* to the accessible portions of the vehicle by other parties, then [the] *prior possession or equal access rule would demand an acquittal.* However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury. . . ." *Fears v. State,* 169 Ga. App. 172, 173 (1) (312 SE2d 174) (1983).

In the instant case, the trial court found that the testimony regarding the proximity of the contraband to appellant and statements made by appellant reflecting "some knowledge of presence of contraband" constituted additional evidence of possession sufficient to create a jury question. We conclude that " '[t]he totality of the evidence was sufficient to connect [appellant] to the possession of the drugs, even though the evidence would have authorized a finding that others had equal access to the drugs. (Cit.)' [Cit.]" *Butler v. State,* 192 Ga. App. 710, 713 (2) (386 SE2d 371) (1989). Accordingly, the trial court did not err in rejecting appellant's motion for a directed verdict. In

addition, we find that the evidence was sufficient to enable a rational trier of fact to find that appellant was guilty, beyond a reasonable doubt, of possession of methamphetamine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Chandelle T. Summer*, for appellant.
*C. Andrew Fuller, District Attorney*, for appellee.