A92A2371. HUBBARD v. THE STATE.
A92A2372. DORSEY v. THE STATE.
A92A2373. FREE v. THE STATE.
(429 SE2d 123)

COOPER; Judge.

Appellants were charged with possession of an open container of alcohol, in violation of a Habersham County ordinance, and possession of less than one ounce of marijuana in violation of the Georgia Controlled Substances Act. OCGA § 16-13-30. In a bench trial, they were acquitted of violating the county ordinance and convicted of violating the Georgia Controlled Substances Act. They appeal from the entry of the judgment of conviction and sentence, raising identical enumerations of error.

The evidence adduced at trial, viewed in a light to support the prosecution, shows that appellants were passengers in a car which was stopped by a police officer in Clarkesville, Georgia, because of an expired license plate. The officer observed approximately 14 beers inside the car and arrested appellants for violating the county open container ordinance. Appellants were advised of their *Miranda* rights, and the officer then stated that he had reason to believe there was marijuana in the car. Appellants consented to urine tests which were performed by Officer Chesboro at the jail. A pre-trial hearing was held on appellants' motions in limine to restrict the admission of testimony regarding the results of the urinalysis, but the trial court deferred ruling on the motions until the close of the evidence. Officer Chesboro testified that he received training and was experienced in administering the "ontrack system," a test to detect the presence of tetrahydrocannabinol, and that the results of ontrack system tests performed on appellants' urine samples were positive for the presence of marijuana. Appellants renewed their objection to testimony regarding the drug detection test performed by Officer Chesboro, arguing

that the State did not lay the proper foundation for the admission of the test results. Citing OCGA § 24-9-67, the trial court admitted Officer Chesboro's testimony as an expert opinion on a question of science, skill, or trade. After both sides rested, appellants moved for directed verdicts on both charges. Because the county ordinance prohibited the possession of open containers in unincorporated Habersham County and appellants were in the City of Clarkesville when the containers were discovered, the trial court granted directed verdicts for appellants on the open container charge. The court denied the motions for directed verdict on the remaining offense and convicted each appellant of violating the Georgia Controlled Substances Act. This appeal followed.

In their first enumeration of error, appellants contend the trial court erred in admitting testimony regarding the ontrack system because the State failed to show that the test was reliable. Appellants argue that the ontrack system is not a widely accepted method of detecting alcohol and controlled substances; that there was no evidence introduced as to the test's reliability; and that Officer Chesboro's testimony regarding his training and experience with the ontrack system was insufficient foundation for the admission of the test results. We agree.

"In *Harper v. State*, 249 Ga. 519, 525 (292 SE2d 389) (1982), [the Supreme Court] held that the test for admissibility of novel scientific evidence is whether the procedure or technique 'has· reached a scientific stage of verifiable certainty, or in the words of Professor Irving Younger, whether the procedure "rests on the laws of nature." ' [The court] went on to say that '(o)nce a procedure has been recognized in a substantial number of courts, a trial judge may judicially notice, without receiving evidence, that the procedure has been established with verifiable certainty, or that it rests upon the laws of nature.' [Cit.]" *Lattarulo v. State*, 261 Ga. 124, 126 (3) (401 SE2d 516) (1991). A review of the decisions of this court, our Supreme Court and the courts of other states reveals no decision in which the "ontrack system" has been discussed as a reliable method of drug detection. Furthermore, despite the fact that Officer Chesboro testified as to his training and skill in administering ontrack system tests, the State presented no evidence as to the characteristics, theory, operation, reliability or scientific acceptability of the test to demonstrate that the test rests upon the laws of nature. In our view, because the ontrack system has not been widely recognized and the trial court, in essence, took judicial notice that the ontrack test results were based on accepted scientific theory without receiving expert testimony that the procedure has been established with verifiable certainty, the court erred in admitting the testimony as to appellants' test results. Compare *Caldwell v. State*, 260 Ga. 278 (393 SE2d 436) (1990).

Based on the foregoing, we need not address appellants' remaining enumerations of error.

*Judgments reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 9, 1993.

*Kenneth D. Kondritzer*, for appellants.
*Ernest H. Woods III, Solicitor*, for appellee.