### A97A0163. SWEAT v. THE STATE.
(485 SE2d 259)

ANDREWS, Chief Judge.

Michael Todd Sweat was found guilty by a jury of driving a vehicle under the influence of alcohol to the extent that it was less safe for him to drive, driving a vehicle with an unlawful alcohol level, and driving a vehicle without his driver's license in his immediate possession. The trial court merged the two DUI charges and sentenced Sweat only for driving under the influence of alcohol to the extent it was less safe to drive and for the license charge. On appeal, Sweat claims the trial court erroneously instructed the jury to disregard testimony from a defense witness, improperly commented on the evidence, and erred in the charge it gave to the jury. We find no error and affirm the judgment of conviction.

A police officer was called to the scene of an automobile accident and found Sweat's truck upside down on the side of the road. The officer testified that Sweat was walking around at the scene, appeared uninjured, and told him that he owned the truck and was driving by himself when the accident occurred. Sweat told the officer that, as he drove around a curve in the road, another car swerved into his path, and when he swerved to avoid the other car he lost control of his truck and it flipped over. The other car described by Sweat was not at the scene. As Sweat spoke to the officer, the officer noticed that he had an odor of alcohol on his person and breath and appeared unsteady on his feet. Sweat was unable to produce a driver's license. After Sweat failed a field sobriety test conducted at the scene, the officer placed him under arrest for driving under the influence and read him his implied consent rights. A subsequent test of Sweat's breath produced a blood alcohol level of .16 grams. The officer testified that, based on his observations, Sweat was under the influence of alcohol to the extent that it was less safe for him to drive.

1. The evidence produced by the State was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Sweat was guilty of the offenses on which he was charged and sentenced. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sweat did not testify and called only one witness in his defense, David Smith. After Smith testified that he had known Sweat for about ten years and that he recalled the accident in question, defense counsel asked Smith if he was the person driving the

truck at the time of the accident. Smith responded that he declined to answer the question on the ground that it might incriminate him. The State immediately moved the court to exclude Smith's testimony on the basis that the defense had no right to call a witness and ask questions designed to have the witness invoke his Fifth Amendment right against self-incrimination in front of the jury. During argument on the motion, defense counsel stated that he had no further questions for Smith. The record also reflects that, although defense counsel subpoenaed Smith and conceded he knew Smith might assert the Fifth Amendment in response to questioning, counsel made no effort to bring this to the trial court's attention prior to questioning the witness in front of the jury. The trial court granted the State's motion and instructed the jury to disregard the witness' testimony.

Sweat claims he had a right to have the witness assert the Fifth Amendment privilege in the presence of the jury, and that the trial court's instruction to the jury to disregard Smith's testimony violated his compulsory process rights under the United States Constitution (Sixth Amendment) and the Georgia Constitution (Art. I, Sec. I, Par. XIV) to present the testimony of a favorable witness and compel the witness' attendance at trial. We disagree. Assuming Smith's Fifth Amendment claim was valid, as a general rule, the defense is not entitled to call a witness for the purpose of having the witness exercise his privilege against self-incrimination before the jury. *Dodd v. State*, 236 Ga. 572, 575 (224 SE2d 408) (1976); *King v. State*, 202 Ga. App. 817, 819 (415 SE2d 684) (1992). " 'If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him.' *United States v. Lacouture*, 495 F2d 1237, 1240 (5th Cir.). . . . [O]ne reason for this rule is that reliable inferences do not ordinarily follow from a witness' invocation of the Fifth Amendment." *Davis v. State*, 255 Ga. 598, 604 (340 SE2d 869) (1986). As noted by the court in *Lacouture*, supra at 1240, "a claim of Fifth Amendment protection is likely to be regarded by the jury as high courtroom drama and a focus of ineradicable interest, when in fact its probative force is weak and it cannot be tested by cross-examination." Sweat's only purpose in calling Smith as a witness was to encourage the jury to infer solely from Smith's invocation of the Fifth Amendment that Smith was the driver — an inference insulated from the prosecutor's cross-examination by Smith's invocation of the privilege. Under these circumstances, Sweat had no right to parade Smith in front of the jury for the sole purpose of having him invoke the Fifth Amendment. *Jordan v. State*, 195 Ga. App. 405, 406-407 (393 SE2d 461) (1990). There

was no violation of Sweat's right to compulsory process, and the trial court did not abuse its discretion by instructing the jury to disregard Smith's testimony.

3. We find no merit to Sweat's assertion that the manner in which the trial court instructed the jury to disregard Smith's testimony constituted an improper expression of opinion by the trial court as to what had or had not been proved or as to Sweat's guilt. OCGA § 17-8-57.

4. Sweat contends the trial court erred by failing to charge the jury to separately consider each charge and reach a separate finding of guilt or innocence on each charge.

The charge specifically stated that Sweat could not be convicted of any crime unless each element of the crime is proven beyond a reasonable doubt. The charge further stated that the State had the burden of proving every material allegation of the accusation and every essential element of the crime charged beyond a reasonable doubt. The charge also described the elements of each charge against Sweat. Moreover, the verdict forms indicate that the jury reached separate verdicts of guilty on each charge. The charge as a whole was adequate to instruct the jury to consider the evidence and reach separate verdicts as to the charge that Sweat failed to have his driver's license in his immediate possession and as to both methods by which Sweat was charged with driving under the influence of alcohol. *Minor v. State*, 264 Ga. 195, 196 (442 SE2d 754) (1994).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

Decided April 4, 1997.

 Before Judge Douglass.
*Lane & Crowe, Robert L. Crowe*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.