## A98A0155. BRINSON v. THE STATE.
### (503 SE2d 599)

MCMURRAY, Presiding Judge.

Defendant was convicted after a bench trial of driving under the influence of drugs. At trial, Officer Mike Patton of the Jefferson County Sheriff's Department testified that he stopped defendant's car after observing defendant drive across the centerline of a roadway; that he smelled alcohol and marijuana emanating from defendant and defendant's car; that he noticed that defendant's speech was "slurred" and that defendant's appearance was "sluggish," and that defendant's car contained a "small marijuana joint known as a roach." Officer Patton also testified that defendant failed a field sobriety test, but that defendant's breath test (".03 percent") did not indicate that defendant had been driving under the influence of alcohol. Officer Patton explained that, because of the circumstances indicating that defendant was an impaired driver, he advised defendant of his "implied consent rights" and asked defendant to submit to a "urine test." Officer Patton testified that, although defendant agreed to submit to a urine test, defendant frustrated the testing procedure by saying that he could not urinate and then by giving him a specimen cup filled with a substance which appeared to be water. Officer Clark Hiebert of the "Drug [I]nvestigations" unit of the Jefferson County Sheriff's Department testified that defendant informed him that he could not submit to a urine test for the presence of drugs in his body because such a test "will come back positive."

In response to defendant's motion for directed verdict, the trial court found the only evidence indicating that defendant was driving under the influence of drugs was defendant's refusal to submit to a State-administered drug test. To this extent, the trial court rendered the following findings of fact and conclusions of law in open court: "All right, well I of course listened very carefully to all the evidence that's been presented, and . . . I do have the obligation to act as a jury as a fact finder would and to assess all the evidence that's presented and make a finding. The only evidence that the State has to go on on this charge, the only one left, is the implied consent law, and my ruling has been that the State does have the right to request a second test, and I think under the totality of the circumstances the State was entitled to request that second test because of the strong suspicion that there may be some substance other than alcohol involved.

"I'm going to find that the evidence is sufficient to convict beyond a reasonable doubt. I'm going to find [defendant] guilty of the offense of driving under the influence of drugs. And I'll say to each party and each counsel that the only evidence is the implied consent law. We don't have anything else to go on. And it appears to me that there was a failure by the defendant to comply with the implied consent law and that's the basis for the Court's ruling on count one. I find that the defendant is guilty."

This appeal followed the entry of defendant's judgment of conviction and sentence. *Held*:

Defendant contends the trial court erred in denying his motion for a directed verdict of acquittal, arguing that the trial court's verdict was based solely on his failure to comply with Georgia's implied consent law and that such proof, without more, is insufficient to sustain his conviction for driving under the influence of drugs. We agree.

Although defendant's refusal to submit to a State-administered urine test was admissible as positive evidence creating an inference that the test would show the presence of the prohibited substance under *Brooks v. State*, 187 Ga. App. 194 (1) (369 SE2d 801), this evidence, alone, is insufficient to sustain defendant's conviction of driving under the influence of drugs under the standard prescribed by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment reversed. Senior Appellate Judge Harold R. Banke concurs. Eldridge, J., concurs specially.*

ELDRIDGE, Judge, concurring specially.

While I concur with the judgment of the majority, I disagree that there was no other evidence that the defendant was driving under the influence of drugs. The arresting officer testified that he observed that the defendant did "kind of have a prop" against the car as he

approached the officer, that he was "sluggish, that he was under the influence —," that he spoke with "slurred" speech, and that he "was fumbling through his wallet" looking for his license. The officer testified that the defendant failed the field sobriety tests. The officer also testified that he smelled marijuana emanating both from the defendant and the car and observed in plain view a "small marijuana joint known as a roach." The defendant spontaneously made an admission against penal interest that the urinalysis if performed properly "will come back positive." Investigator Clark Hiebert testified that the defendant "appeared to be somewhat under the influence of something." Hiebert testified that the defendant's "eyes were very glassy," he did not "appear to be alert." This is some evidence in support of the inference arising from the refusal to cooperate fully with the taking of the urine test. The arresting officer stopped the defendant for crossing the centerline several times on a curvy road but observed nothing else unusual about the defendant's driving. The state failed to show beyond a reasonable doubt that the defendant was under the influence of drugs and that he was less safe to drive as a consequence of being under the influence of drugs. The state failed to prove beyond a reasonable doubt that the defendant was under the influence of marijuana to such extent that he was a less safe driver under OCGA § 40-6-391 (a) (2). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED JUNE 1, 1998.

*Robert S. Reeves*, for appellant.
*Michael J. Moses, Solicitor*, for appellee.