## A98A1845. MACKEY v. THE STATE.
(507 SE2d 482)

JOHNSON, Presiding Judge.

Following a bench trial, Mitchell Mackey was found guilty of possession of cocaine. He appeals this conviction.

According to Mackey, he went to his mother's home after work and allowed his brother to borrow his car for a short time. Mackey later drove to visit his girlfriend and agreed to drive two of her friends home. He was letting the second passenger out of the car around 1:00 a.m. when he was pulled over for improperly stopping in the roadway. OCGA § 40-6-203. The officer testified that Mackey smelled of alcohol and admitted that he had been drinking that evening. According to Mackey, he stated that he had not been drinking. Mackey was unable to provide a valid driver's license. The officer asked Mackey for consent to search the car for drugs, alcohol, guns or other contraband. Mackey began to act in a nervous manner and denied consent to search his car. The officer then arrested Mackey for stopping in the middle of the roadway and driving without a license and placed him in the patrol car. A search incident to the arrest yielded less than one gram of cocaine under the seat on the driver's side of the car.

At trial, the judge questioned the attorneys as to whether guilty knowledge could be inferred from Mackey's refusal to consent to the search, thereby providing additional circumstantial evidence of the possession of the contraband. Ultimately, the trial court concluded that Mackey's refusal to consent to the search was not evidence of his guilt, but was a circumstance that could be considered by the court in addition to the other evidence. The trial judge stated that Mackey "comes clear on the equal access rule except where he fails is that his refusal implies guilty knowledge, which is circumstantial evidence

that is considered by the Court in addition to all of the other evidence. And I would say that in the absence of his refusal to permit the search, the equal access rule would apply and he would've been found not guilty." Mackey argues that the trial court erred in finding him guilty merely because he asserted his Fourth Amendment right and refused the officer consent to search his car. We agree.

The equal access rule is as follows: "If the only evidence of possession of contraband found in an automobile is that the defendant is the owner, driver, or is in possession of the vehicle, and there is evidence of prior use of the vehicle by other parties in the recent past, or equal access to the accessible portions of the vehicle by other parties, then the prior possession or equal access rule would demand an acquittal. However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury." (Citation, punctuation and emphasis omitted.) *Griggs v. State*, 198 Ga. App. 522, 523 (402 SE2d 118) (1991).

In the present case, the only evidence linking Mackey to the cocaine was the proximity of the contraband to Mackey in a vehicle which his brother had borrowed earlier, Mackey's refusal to consent to a search of the vehicle, and the nervousness exhibited by Mackey at the time of his refusal. As the trial judge acknowledged, the other evidence which he considered along with Mackey's refusal to permit the search, alone, was not sufficient to overcome the equal access rule. Under the equal access rule, mere proximity to the cocaine is insufficient to support a conviction for possession of cocaine. See *Griggs*, supra. In addition, that Mackey acted nervous when the officer requested permission to search his vehicle is insufficient to authorize his conviction for possession of cocaine. See *Hughes v. State*, 215 Ga. App. 6, 9 (1) (449 SE2d 547) (1994). The evidence was insufficient to enable a rational trier of fact to find Mackey guilty beyond a reasonable doubt of possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We reject the state's argument that this case is analogous to a defendant's refusal to submit to a blood or urine test for determining alcohol or drug content. We have previously held that such a refusal in a driving under the influence context may be considered as positive evidence creating an inference that the test would show the presence of the prohibited substance. See *Brooks v. State*, 187 Ga. App. 194, 195 (1) (369 SE2d 801) (1988). This holding was purportedly limited in *Brinson v. State*, 232 Ga. App. 706 (503 SE2d 599) (1998) (physical precedent only), where it was stated that evidence of a defendant's refusal to submit to such a test, alone, is insufficient to sustain a conviction of driving under the influence of drugs. However, these driving under the influence holdings follow the legisla-

ture's mandate that such evidence is admissible in evidence. See OCGA § 40-6-392 (d). In addition, these cases also show facts other than a mere refusal to consent to a search plus an officer's testimony that the individual appeared "nervous."

A defendant's refusal to consent to a warrantless search of his vehicle or other property is quite a different issue. A refusal of permission to search is analogous to the assertion of the privilege against self-incrimination. It is forbidden to "parade [a witness] in front of the jury for the sole purpose of having him invoke the Fifth Amendment. [Cit.]" *Sweat v. State*, 226 Ga. App. 88, 89 (2) (485 SE2d 259) (1997). By analogy, an individual should be able to invoke his Fourth Amendment rights without having his refusal used against him at trial. Moreover, the legislature has not yet stated that such a refusal is admissible against a defendant. Mackey's refusal to consent to the search cannot be used as evidence of guilty knowledge. Since the other evidence alone is insufficient to support Mackey's conviction for possession of cocaine, his conviction must be reversed.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 28, 1998.

*D. Duston Tapley, Jr.,* for appellant.
*Richard A. Malone, District Attorney, Lance J. Hamilton, Assistant District Attorney,* for appellee.

