## A99A2303. KENDRICK v. THE STATE.
(523 SE2d 414)

MCMURRAY, Presiding Judge.

Tommy Lee Kendrick, Jr. pleaded guilty to violating the Georgia Controlled Substances Act (unlawful possession of amphetamine) and driving under the influence. His three-year sentence was probated, subject to the general conditions, and further subject to Kendrick's residing at the Diversion Center for twelve months, with the express proviso that "[a]ny violation of rules and regulations of [the] Center will be considered a violation of this probated sentence." The State subsequently petitioned to revoke Kendrick's probation, alleging he violated the terms of probation for his failure to avoid injurious and vicious habits and his failure to abide by the rules of the

Griffin Diversion Center, in that he tested positive for alcohol and cocaine. At the hearing on this petition, over Kendrick's objections as to sufficient foundation and hearsay, the State introduced two disciplinary forms purporting to document Kendrick's infractions. The superior court admitted these exhibits as business records. Based thereon, the superior court concluded Kendrick had committed serious infractions of the rules regulating a community corrections facility and revoked Kendrick's probation for two years. Kendrick's application for discretionary appeal was granted by this Court, and a timely notice of appeal was filed. *Held*:

The superior court's reasoning that the disciplinary reports were admissible as business records was in error, but because Kendrick adopted the unsworn statements contained therein by his signature pleading guilty, they constituted admissions against interest. We affirm.

1. The State's only witness was Probation Officer Mary Ann Conkle, the Disciplinary Hearing Officer for Griffin Diversion Center, who had no personal knowledge whether Kendrick tested positive for alcohol or cocaine or whether he admitted being in violation of the Center's regulations prohibiting consumption of alcohol or cocaine by the inmates. Rather, the disciplinary reports were prepared by another probation officer, Ron Pitts, who did not testify. Although Conkle testified she is the custodian of disciplinary records at the Diversion Center; these exhibits were the original, unaltered disciplinary reports; and they were *kept* in the ordinary course of the Diversion Center's business, this is an inadequate foundation to admit the documents as business records. Under OCGA § 24-3-14 (b), the proper inquiry is whether it is in the regular course of the Diversion Center's Control Officer to *make* an incident or disciplinary report and whether these reports were in fact made in the regular course of the Center's business.

2. Exhibit S-1 describes the cocaine violation as follows:

DESCRIPTION OF INFRACTION On 04/09/99 at 1930 hrs I Officer Ron Pitts [was] on duty as control room officer, when resident Kendrick . . . returned to the center from work[.] A suspect urine sample was [obtained] from resident Kendrick and was tested using the ontrack testing stick[.] The urine sample tested positive for cocaine. . . .

RESIDENT NOTIFICATION A. By my signature I acknowledge that I have been advised of the above charges. I hereby admit guilt and voluntarily and without coercion waive the right to a disciplinary hearing. I understand that the hearing officer will review these charges and recommend sanctions to the superintendent. I understand that I may

appeal any sanctions imposed.

On a signature line captioned "RESIDENT SIGNATURE" is what purports and appears to be Kendrick's signature.

Under the controlling authority of *Hubbard v. State*, 207 Ga. App. 703, 704 (429 SE2d 123), the ontrack system for drug detection is not (yet) sufficiently recognized as reliable and so is not admissible evidence without expert testimony supporting its verifiable certainty. There was no such expert testimony in this case. So even if a proper business record foundation were laid, the disciplinary report documenting the administration of the ontrack test and its results would contain no probative evidence that Kendrick violated the terms of his probation. But Kendrick adopted the statement that he tested positive for cocaine in violation of Diversion Center rules by pleading guilty to the infraction, thereby rendering the document competent evidence as an admission against the penal interest of a party. OCGA § 24-3-31;[1] *Howard v. State*, 227 Ga. App. 5, 7 (2) (488 SE2d 489).

3. The disciplinary report for alcohol infraction, Exhibit S-2, recites:

> I Officer Ron Pitts, was on duty as Control Room Officer, when resident Kendrick . . . returned to the Center from work with the smell of alcohol on his person[.] I administered an alcosensor III test to resident Kendrick which registered .04 positive for alcohol. I ask[ed] resident if he had been drinking alcohol and resident Kendrick stated he had [drunk] one beer before returning to the Center. He is in violation of Center Rule C17 using unauthorized drugs or alcohol.

---

[1] We are mindful the Supreme Court of Georgia has stated that Georgia does not recognize a hearsay exception under OCGA § 24-3-8 for statements against penal interest. *Barksdale v. State*, 265 Ga. 9, 11 (2) (a), fn. 3, 12 (453 SE2d 2). But a statement against penal interest is a strong indicium of reliability in determining whether the hearsay statements of a co-conspirator should be admitted under OCGA § 24-3-5. *Copeland v. State*, 266 Ga. 664, 666 (2) (b) (469 SE2d 672). The precise holding in *Green v. State*, 242 Ga. 261, 273 (14) (249 SE2d 1), sentence vacated and case remanded, *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738), is that, "[w]hile we do not hold that there would never be a case in which the declaration against interest exception to the hearsay rule should be extended to declarations against penal interest, the facts of [Green's capital murder] case do not justify such an extension [to hearsay relating declarations against the penal interests of a third party]." See *Jordan v. State*, 195 Ga. App. 405, 407 (2) (393 SE2d 461). "[I]t is an old and sound rule which excludes as incompetent any hearsay testimony relating statements attributed to an out-of-court declarant to the effect that the declarant, and not the accused, was the perpetrator of a crime[.] [Cit.]" *Grant v. State*, 212 Ga. App. 565, 566 (1) (a) (442 SE2d 898). But that long-standing rule is not authority for the proposition that statements against penal interest by a party are not admissible under OCGA § 24-3-31.

Kendrick also signed this report, voluntarily pleading guilty to the infraction.

This disciplinary report recites facts rather than opinions, and so does not suffer from the defect of those disciplinary reports considered in *Finch v. Caldwell*, 155 Ga. App. 813 (273 SE2d 216). We need not, however, determine whether this disciplinary report would be admissible at a probation revocation hearing as a business record under *Oldham v. State*, 205 Ga. App. 268, 270 (422 SE2d 38) in order to show the unquantified *presence* of alcohol in a Diversion Center resident, or whether the alcosensor III test results indicating a blood alcohol level of .04 grams percent must be excluded under *Adams v. State*, 217 Ga. App. 706, 707 (2) (459 SE2d 182) for being inadmissible opinions and conclusions or unconfronted hearsay. Defendant's signed guilty plea is sufficient to render the document competent proof of the facts recited, as an admission against interest by a party. OCGA § 24-3-31; *Howard v. State*, 227 Ga. App. at 7 (2), supra.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur in the judgment only.*

DECIDED OCTOBER 14, 1999 —
RECONSIDERATION DENIED OCTOBER 27, 1999 — 

*Virgil L. Brown & Associates, Bentley C. Adams III, Eric D. Hearn*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.