## 57286. MOSLEY v. THE STATE.

BIRDSONG, Judge.

Defendant was convicted of aggravated battery, and he has appealed. *Held:*

1. At the beginning of the trial, defendant, by written motion, moved in limine for an order directing the district attorney to refrain from offering any evidence of the fact that defendant was in a stolen car at about the

time of the crime charged in the indictment. The motion for an order was denied subject to the qualification that if the state offered evidence of the other crime, a motion for mistrial would be considered at that time. The defendant, during the trial, made three motions for mistrial, contending that the motion in limine, hereinabove referred to, had been violated. All three motions were denied. Initially this issue arose during the testimony of an Atlanta police officer. The officer testified that the day after the commission of the crime charged in this case and after investigation of the same, he obtained a warrant for the defendant's arrest.

While executing the warrant in the vicinity of "Tanner," the officer found the defendant rolling a tire down a street, that upon investigation he found that the tire came from a 1977 Chevrolet parked in the same general area "off of Tanner." This car was found to have been stolen. An Atlanta fingerprint expert afterwards testified that a palm print found on "the left fender of the car, tag number LDU938 . . . at 104 Bell Street" was defendant's. After the defendant rested his case, another police officer testified in rebuttal that he was present when defendant was arrested and that he had occasion to immediately thereafter "investigate a 1977 Chevrolet with tag number LOV938," which was parked in the same general area.

Defendant argues that this evidence concerning a motor vehicle theft violated the general rule that evidence of the commission of another crime other than the one charged is not admissible. The state, on the other hand, makes the argument that the testimony was admissible under exceptions to the general rule as (1) part of the res gestae; or (2) that it was admissible as it tended to show motive, plan, scheme, and course of conduct. See *King v. State,* 230 Ga. 581 (198 SE2d 305) and *Overton v. State,* 230 Ga. 830 (199 SE2d 205).

While there is other evidence, to which no objection was made that this vehicle was driven by defendant to the scene of the aggravated battery, and, after its commission, defendant and his co-defendants fled in the vehicle, there is no evidence to show *when* this vehicle was stolen or by whom. Therefore, its stolen character cannot

be admissible as res gestae although the fact of driving to and from the scene of the crime in this car might be. Similarly, this evidence does not show motive, intent, plan, scheme, or course of conduct to commit aggravated battery. Therefore, it was error to admit this testimony. However, we consider it harmless. In testing for harmful error, we note defendant was never directly shown to have stolen the vehicle or participated in its theft. Moreover, one of defendant's own witnesses testified that he (the witness) stole the vehicle and no one assisted him. Secondly, the fingerprint testimony was never connected to this vehicle at all. Applying the highly probable test for harmful error under *Johnson v. State,* 238 Ga. 59 (230 SE2d 869), to all the facts of this case, we hold that it is highly probable that the error did not contribute to the guilty verdict.

2. The enumeration of error concerning the charge on parties to the crime has not been supported by argument or citation of authority and is deemed abandoned. Rule 18 (c) (2) (Code Ann. § 24-3618).

3. The state by its evidence established every element of the crime charged. Therefore, the conviction was authorized.

*Judgment affirmed. Quillian, P. J., and Smith J., concur.*

SUBMITTED FEBRUARY 8, 1979 — DECIDED APRIL 13, 1979.

*R. Allen Hunt,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.