### 76453. HESTER v. THE STATE.
(371 SE2d 684)

SOGNIER, Judge.

Appellant was convicted of cruelty to children and he appeals.

1. Appellant contends the trial court erred by holding that Michael Childers, the victim, was competent to testify. In this regard OCGA § 24-9-7 (a) provides that the competency of an infant as a witness shall be decided by the court through examination of the witness alleged to be incompetent. Childers was nine years old at the time of trial and during questioning as to his competency, testified as to his grade in school; his teacher's name; that it is good to tell the truth and bad to tell a lie; that he would get a whipping if he told a lie; and that he was going to tell the truth in court. He also testified that he was asked to raise his right hand (when the oath was administered) to tell the truth. In response to questions by the court, Childers testified that he understood what it meant to tell the truth; that by raising his hand and answering yes (when the oath was administered) he was promising to tell the truth and promising not to tell any lies; that he would get in trouble if he did not tell the truth in court; and that he would tell the truth in answering questions by the lawyers. Appellant argues that such testimony did not show that Childers understood the nature of the oath.

The standard of intelligence required to qualify a child as a witness is not that he is able to define the meaning of an oath, but that he knows and appreciates the fact that as a witness he assumes a solemn and binding obligation to tell the truth about the case and such matters as he may be interrogated on, and if he violates the obligation he is subject to be punished by the court. *Smith v. State*, 247 Ga. 511-512 (277 SE2d 53) (1981); *Smallwood v. State*, 165 Ga. App. 473-474 (301 SE2d 670) (1983). Where the trial judge examines a child as to its understanding of the nature of the oath and determines that the child is competent to testify, his discretion will not be interfered with absent manifest abuse of such discretion. *Smallwood*, supra at 474. We find no abuse of discretion by the trial court here in determining that Childers was competent to testify.

In a separate enumeration appellant alleges error by the trial

court in allowing witnesses to testify as to statements made to them by the victim, because he was not competent to testify. Thus, appellant argues that Childers was not available to testify as a witness, as required by OCGA § 24-3-16, the Child Hearsay statute. Since we have found the court did not err in finding Childers competent to testify, this enumeration of error is without merit.

2. Appellant contends the trial court erred by allowing Sonya Rice, a State witness, to testify in rebuttal about statements made by appellant to Rice in a telephone conversation. Appellant argues that because Rice could not identify the voice of the caller as that of appellant, her testimony was inadmissible.

Rice testified that she had never talked to appellant prior to receiving the telephone call in question. She believed the caller was appellant because he identified himself as appellant, and was seeking permission for his children (other than Childers), who had been taken from appellant and were staying with relatives, to return to his home. The person calling also asked about Gail, appellant's common-law wife and the mother of Childers. Based on such testimony, the trial court, over objection, allowed Rice to testify about what appellant told her when he called. The court also instructed the jury that it was up to them to determine whether the statements made by the caller were made by appellant or some other person.

"Although, generally speaking, proof of telephone conversations may be admissible in evidence when the identity of the person against whom the conversation is sought to be admitted is established by circumstantial as well as direct evidence, (cits.), an identification is not sufficient if identity is established *only* by what is said in the conversation itself. *Price v. State*, 208 Ga. 695 (69 SE2d 253) (1952)." (Emphasis supplied.) *Constantino v. State*, 243 Ga. 595, 599 (3) (255 SE2d 710) (1979). Since the identity of appellant was established only by what was said in the conversation itself, it was error to allow Rice to testify as to what appellant said in the conversation. However, we find the error harmless under the facts presented in this case.

Rice's testimony was offered in rebuttal to dispute appellant's testimony that he had never called Rice. Further, there was nothing incriminating or inculpatory in the conversation as testified to by Rice. Although Rice's testimony was offered to attack the credibility of appellant, his testimony had been contradicted by several other witnesses, including defense witnesses.

The fact that there is other evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict. *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605) (1985). The victim here testified that appellant tied him to a table, nude, and beat him with a leather belt, and on one occasion used a drop cord to beat him; that appellant often beat him with the

buckle of the belt; and that appellant had struck the victim in the face and on his head with his (appellant's) fist while wearing a ring, often resulting in a bloody nose, a black eye, and lumps on the victim's head. A physician who examined the victim testified there were marks on the victim's back and legs, some of them recent, which could have been caused by a leather belt; that the victim had several "c-shaped" scars which could have been caused by a belt buckle or some other metal object; and that such scars were permanent. Other testimony also indicated that the victim had received severe injuries which were not consistent with normal spankings received for misbehavior.

In view of such testimony, we do not believe testimony that appellant made a telephone call to Rice may have influenced the verdict. Accordingly, we find the error in admitting Rice's testimony harmless.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 15, 1988.

*L. Eddie Benton, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, Joseph A. Homans, Assistant District Attorney*, for appellee.