### A89A0490. CLIFTON v. THE STATE.
(380 SE2d 507)

McMURRAY, Presiding Judge.

Defendant was indicted for burglary. The evidence adduced at a jury trial showed that at approximately 7:00 in the morning on July 27, 1987, Fay Hurley discovered that a window had been broken at his supermarket place of business and that about 30 cartons of cigarettes had been taken from his store. The next day, Investigator Ron Turner of the Chattooga County Sheriff's Department received information regarding the burglary which led him and other law enforcement officers to a house in Trion, Georgia. The officers found defendant hiding in the crawl space under the house. Defendant was placed under arrest, advised of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) and later questioned by Investigator Turner. Defendant then admitted that he burglarized Hurley's supermarket, giving details of how and when he committed the crime. From this and other evidence presented at trial, defendant was found guilty. This appeal followed. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in allowing Hurley's testimony regarding statements made to him by defendant during several telephone conversations. Defendant argues that because Hurley could not identify the voice of the

caller as that of defendant, the testimony was inadmissible.

Hurley testified that a person identifying himself as defendant called him "about four times" at his place of business, admitted to the commission of the burglary and promised to make restitution if Hurley would drop the charges against defendant. Hurley could not identify the voice of the caller and he could not remember the specific times and dates of the calls. Hurley was only aware that the caller identified himself as defendant and that the caller informed him that he was calling from the "Chattooga County Jail."

" 'Although, generally speaking, proof of telephone conversations may be admissible in evidence when the identity of the person against whom the conversation is sought to be admitted is established by circumstantial as well as direct evidence, (cits.), an identification is not sufficient if identity is established *only* by what is said in the conversation itself. *Price v. State*, 208 Ga. 695 (69 SE2d 253) (1952).' (Emphasis supplied.) *Constantino v. State*, 243 Ga. 595, 599 (3) (255 SE2d 710) (1979)." *Hester v. State*, 187 Ga. App. 873, 874 (2) (371 SE2d 684).

In the case sub judice, the State attempted to establish that defendant was the caller by introducing evidence showing that defendant made several telephone calls to Hurley's place of business while incarcerated at the Chattooga County Jail. The State also entered a letter into evidence, which was purportedly drafted by defendant and addressed to Investigator Turner, in which defendant informed Investigator Turner that he had contacted Hurley regarding restitution for the crime. Assuming, without deciding, that this evidence was properly admitted, it fails to link defendant to the specific calls received by Hurley and is therefore insufficient to authorize a finding that defendant was the caller. See Green, Ga. Law of Evidence (3d ed.), 171-172, § 88. However, we find any error in admitting Hurley's testimony harmless under the particular facts and circumstances of this case.

"The fact that there is other evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict. *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605) (1985)." *Hester v. State*, 187 Ga. App. 873, 874 (2), supra. In the case sub judice, defendant's purported telephonic admission to Hurley was cumulative of his incriminating statement to Investigator Turner. See *Hawkins v. State*, 185 Ga. App. 837 (2) (366 SE2d 222). Further, it is undisputed that defendant's statement to Investigator Turner was voluntary and that defendant's incriminating statement included a detailed account of his commission of the crime, including the time and place of the burglary and the articles taken during the crime. Considering this evidence, along with evidence showing that defendant hid from law enforcement officers before his arrest, we do not believe that Hurley's testimony, that defendant admitted com-

mission of the burglary in telephone conversations, influenced the jury's verdict. On the contrary, we find this evidence more than sufficient to enable any rational trier of fact to find that defendant was guilty, beyond a reasonable doubt, of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Carley, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur because there was sufficient evidence for the court in its discretion to allow the victim to testify that he received four phone calls from a person who identified himself as defendant. He testified that the caller was the same male each time, that he said he was the person who broke into the store and was calling from the Chattooga County Jail, that he wanted the store owner to drop the charges, and he would give some information on things that were happening at the store.

The victim did not know defendant and could not identify the voice as that of defendant. However, the jail phone logs for four days in late June and July 1 were introduced in evidence after the sheriff's investigator properly identified them as business records. They showed that defendant made four phone calls to the victim's store during this period.

The investigator testified in the hearing on admissibility that he had advised defendant that any discussion by defendant about restitution would have to be through the victim and not through himself as the investigator. He also stated that the victim told him that defendant had called him and the nature of the calls. A handwritten letter which had been given to the investigator by another officer at the jail, purportedly from defendant, stated that the writer had called the victim and his "people" about making restitution and that since the victim wanted the investigator to contact him about it, the writer requested this be done and that defendant be informed by the investigator about the results. The victim had also testified he had about two calls from a woman who purported to be defendant's sister, with respect to restitution for the cigarettes.

There was sufficient circumstantial evidence of identity as to defendant's having been the caller to the victim, to allow the jury to consider these calls. Reasonable certainty of identity is all that is required. OCGA § 24-4-40 (a). Admissibility of the victim's testimony regarding the four calls, not the weight of such testimony, is the legal issue. See *Price v. State*, 159 Ga. App. 662, 664 (3) (284 SE2d 676) (1981).

I do not reach the question of harmless error.

*Albert C. Palmour*, for appellant.

*Ralph Van Pelt, Jr., District Attorney, Susan R. Sarratt, James D. Franklin, Assistant District Attorneys*, for appellee.