A89A1975. MOON et al. v. THE STATE.
(392 SE2d 19)

BIRDSONG, Judge.

Ronald Moon and co-defendant Jeffrey Lowery appeal their convictions for trafficking in cocaine. They complain of the search of their vehicle and the seizure of 17,108 grams of a substance exceeding 80 percent pure cocaine; and they complain of a defect in the State's compliance with OCGA § 17-7-211 concerning production of written scientific reports. They complain of the insufficiency of evidence of possession by them on grounds of evidence of equal access; and, finally, they complain of their sentencing to 25 years in jail on grounds the indictment failed to charge specifically on possession of 400 grams or more of cocaine. *Held:*

1. We do not find appellants' constitutional rights were violated by any facet of the search and seizure. The State's evidence showed that Georgia State Trooper Ralston stopped appellants' vehicle for speeding on July 4, 1988, in Whitfield County, Georgia. The trooper asked for and examined appellant Lowery's driver's license, and the vehicle's registration papers showing Moon had obtained the vehicle as a "loaner" from a Plymouth dealership in their home state of Michigan. The trooper asked several questions of appellants concerning their trip and his suspicions were aroused when he received different answers. Lowery said the two had gone to school together; Moon said they worked together. Lowery said they left Michigan the Wednesday before July 4; Moon stated they had left Michigan on Tuesday. The trooper explained to Moon and Lowery the problem with drugs being transported north from Florida and asked permission to search. Both Moon and Lowery signed a consent to search form permitting "a complete search of my vehicle and the contents within it." Appellant Moon opened the trunk. The trooper discerned the spare tire was loose and, lifting back the trunk carpet, found seventeen bundles of cocaine.

Appellants dispute nearly all the State's evidence of events. They asserted below that the trooper tricked them into signing the consent to search form by acting as if it were a "warning" citation; and that they had revoked any verbal consent before the trooper looked in the trunk, and had insisted he not open the trunk. It was the duty of the trial court to resolve all of these discrepancies in evidence and determine the credibility of the witnesses. On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgments made; the trial court's

findings of fact must be accepted unless they are clearly erroneous. *Watson v. State,* 190 Ga. App. 696 (379 SE2d 817).

Upon the evidence, it is clear that the traffic stop of appellants' vehicle was authorized by violation of the law, and the request for examination of the registration papers of the car was not improper or illegal. See *Evans v. State,* 190 Ga. App. 856, 857 (380 SE2d 332); *State v. Golden,* 171 Ga. App. 27, 29 (318 SE2d 693). Further, the trooper was authorized to detain briefly *and question* Moon and Lowery, following the stop for traffic violation. This "secondary detention" was a valid *"Terry"* stop based upon articulable suspicion; even if the trooper's suspicion fell short of probable cause to suspect cocaine trafficking, the further detention was proper " 'to maintain the status quo momentarily, while obtaining more information'. . . . [Cit.]" (Emphasis deleted.) *Radowick v. State,* 145 Ga. App. 231, 233 (244 SE2d 346). The validity of the investigative conduct upon making a *"Terry* stop" is determined in each case by balancing the extent of the intrusion against the immediacy and importance of the interest in crime prevention or law enforcement which is sought to be advanced. *State v. Golden,* supra at pp. 30-31. The "minimal" questions asked of Moon and Lowery concerning their trip were not extensive or prolonged, and were not unconstitutionally intrusive when balanced against the widespread clear danger of drug peddling from Florida via the roads of this state. See *Radowick v. State,* supra at p. 236. The disparate answers given to this minimal questioning raised an articulable suspicion that justified the further request to obtain more information by search. Id.

Moreover, it is self evident that a valid consent eliminates the necessity for probable cause or a warrant. *Hunter v. State,* 190 Ga. App. 52, 53 (378 SE2d 338). The valid stop for traffic violation permitted the trooper to request to search; "the validity of the subsequent consensual search is not dependent upon the existence of probable cause or suspicion to support the officer's request to conduct the search. . . ." Id. p. 54. We are not authorized to disturb the trial court's finding of fact on the issue of consent.

2. The evidence was sufficient to enable a rational juror to find both appellants guilty of trafficking in cocaine beyond a reasonable doubt. (*Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560)), notwithstanding the appellants' evidence that a valet at a seafood restaurant in Florida had had "equal access" to the vehicle for about two hours. We do not find this evidence raises a *reasonable* doubt by rebutting the presumption of possession. See *Castillo v. State,* 166 Ga. App. 817, 821-822 (305 SE2d 629). The conviction here was not based solely upon the "presumption of possession" (c.f. *Farmer v. State,* 152 Ga. App. 792, 796 (264 SE2d 235)), but upon all of the evidence relating to appellants' trip and their use of the car.

What is a reasonable deduction from the evidence is a jury question. *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474); see *Harris v. State*, 236 Ga. 242 (223 SE2d 643). The jury was authorized to determine it was not reasonable to deduce that an unidentified stranger in possession of the car for two hours at a restaurant would secrete 17,108 grams of 80 percent pure cocaine in the wheel well of the car trunk.

3. Appellants argue that the State's only compliance with their request to produce scientific reports pursuant to OCGA § 17-7-211 was defective, in that the document produced was only a summary of a lab report and not the official report itself. We find no harmful error. The "summary" advised appellants only that no identifiable fingerprints were found of either defendant on the packages of drugs confiscated, whereas the official report produced the day of trial contained the additional information that some latent prints were found upon the packages. Appellants contend they were thus deprived of the opportunity to determine whose prints were found, as the State's expert conceded might have been done by computer analysis. Even if appellants could ultimately have identified the latent fingerprints, absent unusual circumstances such evidence would not have raised a reasonable doubt as to their own guilt, under all the other evidence in the case. Obviously appellants received the cocaine from someone else during their trip to Fort Lauderdale; thus the mere presence of other fingerprints does not exonerate them. According to both appellants, their trip to Fort Lauderdale was a spur-of-the-moment fishing trip. The rental of the loaner car was even more spontaneous for they set out in Moon's own vehicle but returned to Michigan because of a faulty fuel pump, and obtained this "loaner." When they arrived at their destination and discovered there were no fishing boats available, they simply ate dinner at a restaurant where a valet took their car for two hours; they set out to drive back to Michigan. The jury was authorized to conclude there was no reasonable inference that somehow during this trip someone else coincidentally or accidentally secreted 17,108 grams of cocaine in the wheel well.

If appellants, based on actually identifying the latent fingerprints, could make a showing of such very unusual circumstances which might raise a reasonable doubt in the otherwise overwhelmingly inculpatory evidence, appellants should have raised such evidence upon motion for new trial.

The burden is upon the defendants not merely to show error, but to show *harmful* error (*Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741)); error will authorize a reversal only if we can conclude it is highly probable such error affected the verdict. *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59 (230 SE2d 869). The lab evidence that there were identifiable prints obviously did not

influence the verdict, for this evidence was merely cumulative of their assertion that someone else placed the cocaine in the trunk; and it was only supportive of the reasonable conclusion that they knowingly obtained the cocaine from someone in Florida. See *Clifton v. State*, 190 Ga. App. 828, 829 (380 SE2d 507). Appellants had full right of cross-examination at trial, and could have raised any specific evidence post-trial. We conclude that appellants have not shown that any defect in compliance with OCGA § 17-7-211 caused harmful error.

4. The trial court did not err in sentencing appellants to 25-year jail terms. It is the *conviction* of the specific trafficking offense which authorizes the particular sentence, and not the language of the indictment, which correctly charged appellants with possession of more than "28 grams [of cocaine] with a purity in excess of 10%." See OCGA § 16-13-31 (a) (1) (C). The sentence was within the maximum sentence for the offense (see § 16-13-31 (f)) and is therefore not invalid or illegal.

In *Mallarino v. State*, 190 Ga. App. 398 (379 SE2d 210), we vacated a similar sentence on grounds that the trial court was evidently under mistake of fact as to what is the mandatory minimum sentence for possession of an amount of cocaine greater than 28 grams; we concluded the trial court thought the *mandatory minimum* for that offense was 25 years, which is in fact the mandatory minimum for possession in excess of 400 grams. OCGA § 16-13-31 (a) (1) (C). Clearly, since it could not be determined from the verdict how much appellants were convicted of possessing, the trial court's seeming determination that a sentence of 25 years was mandated, was erroneous. In this case, however, the trial court's 25-year sentence was not mired in the mistaken belief that this was the mandatory minimum for possession of 28 grams or more. Appellants were given the benefit of an indictment which *correctly* charged them with possession of 28 grams; they were convicted of possession of more than 28 grams, the specific proof being that they possessed *more than 600 times that amount*. There is no basis in evidence to conclude the jury convicted them of possessing less than the amount found, to wit, 17,108 grams; and certainly the jury found they possessed more than 28 grams.

Since OCGA § 16-13-31 provides at paragraph (a) (1) (A) that the mandatory minimum for possession of more than 28 grams of cocaine is a ten-year sentence and paragraph (f) of the Code section provides that the maximum sentence is 30 years for "*any provision* of this Code section in regard to trafficking in cocaine," the 25-year sentence in this case was well within the mandatory *minimum* of ten years, and the maximum of 30 years. Since the indictment for possession of more than 28 grams was correct, and the conviction was authorized by proof of possession of 17,108 grams, the trial court was authorized by § 16-13-31 (f) to sentence up to 30 years. We see no legal basis, and

certainly no logic, in vacating that valid sentence merely because it happens to be the same amount as the mandatory minimum for possession of more than 400 grams, and we are not authorized to imagine the trial court misunderstood the clear provisions of § 16-13-31 (a) (1) (C) and (f), or thought it was giving sentence for conviction of possession of 400 grams or more.

The sentence was well within the mandatory minimum set at § 16-13-31 (a) (1) (C), and the 30-year maximum set at subparagraph (f) of the code section. It is therefore legal, and not subject to further review by this court. See *Vinson v. State*, 190 Ga. App. 676 (2) (379 SE2d 792).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 23, 1990 —
REHEARING DISMISSED MARCH 9, 1990 — 

*Mitchell, Coppedge, Wester & Bisson, E. Neil Wester III*, for appellants.

*Jack O. Partain III, District Attorney, Todd L. Ray, Assistant District Attorney*, for appellee.