A92A0254. HEFLIN v. THE STATE.
(418 SE2d 770)

SOGNIER, Chief Judge.

Charlie Paul Heflin was charged with two counts of aggravated assault arising from an altercation with the owners of a towing business. He was convicted on one count, and he appeals from the judgment entered thereon.

1. Appellant first enumerates as error the admission, over objection, of a state trooper's testimony concerning appellant's demeanor at the hospital to which he was taken after the altercation. The charged crimes occurred when appellant went to the business premises of a towing service to retrieve his car after it was towed by police. The proprietor, James Orr, and his son, Kenneth Orr, testified that after appellant refused to pay the towing charge and the men exchanged harsh words, appellant became belligerent and attacked the Orrs with a box cutting instrument, compelling them to hit appellant on the head with a flashlight and to shoot him several times in his extremities to stop his assault. The state trooper who arrested appellant at the scene testified that he later visited appellant at the hospital, where he observed that appellant was "not cooperating" with hospital personnel.

While conduct and circumstances, as well as statements, may be part of the res gestae, *Black v. State*, 154 Ga. App. 441-442 (268 SE2d 724) (1980), to be admissible such conduct must either "accompan[y

the criminal] act, or [be] so nearly connected therewith in time as to be free from all suspicion of device or afterthought." OCGA § 24-3-3. The time lapse between the occurrence and the conduct, the circumstances under which the conduct occurred, and the character of the conduct should be considered by a court in determining whether such conduct falls within the res gestae. *Nasworthy v. State*, 169 Ga. App. 603, 604 (314 SE2d 446) (1984). " '[A]cts are pertinent as a part of the res gestae if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it. . . .' (Cits.)" (Emphasis omitted.) *Sypho v. State*, 175 Ga. App. 833, 835 (3) (334 SE2d 878) (1985).

The evidence at issue here encompassed appellant's behavior during the receipt of medical treatment at some unspecified time after the commission of the charged crimes and did not involve any statements appellant made concerning the assault or any continuation of his actions at the scene of the crime. Given these circumstances, we do not consider appellant's conduct at the hospital to constitute part of the criminal act or to evince the motive or purpose thereof. See *Fountain v. State,* 136 Ga. App. 229-231 (2) (220 SE2d 705) (1975) (evidence concerning victim's conduct later in the evening after assault by defendant not part of the res gestae). Accordingly, we agree with appellant that this testimony should not have been admitted as part of the res gestae.

Nonetheless, admission of inadmissible evidence is harmless if the evidence could not have influenced the jury's verdict. *Hester v. State*, 187 Ga. App. 873, 874-875 (371 SE2d 684) (1988). Given the extensive testimony from the Orrs and the arresting officer concerning appellant's belligerent, confrontational behavior, we do not believe that the testimony that appellant was uncooperative with hospital personnel was likely to have influenced the jury's verdict, and thus find the admission of the challenged testimony to be harmless. See generally id. at 875; *Mosley v. State*, 149 Ga. App. 601, 602-603 (255 SE2d 79) (1979).

2. Appellant's other enumeration of error concerns the trial court's recharge to the jury. During the initial instructions, the court charged the jury on the elements of simple and aggravated assault and gave them a definition of self-defense. After deliberating for some period of time, the jury asked for further instructions on the difference between aggravated assault and simple assault. In response, the court first reread the applicable portions of the original charge and then stated further that the primary difference between the two crimes was the presence of an offensive weapon. After appellant objected to the latter instruction as simplistic, the court recalled the

jury to clarify the charge. Appellant then restated his exception to the recharge and subsequently reserved his right to except to the charge. He now contends on appeal that the court erred by failing to include appellant's defense of self-defense in the recharge.

It is well established that when the jury, after having received complete instructions on the law applicable to the case, returns to the courtroom and requests additional instruction on a particular point, the trial court may, in its discretion, either recharge the jury in full or confine the instruction to the particular point suggested by the jury's inquiry, e.g., *Asbury v. State,* 175 Ga. App. 335, 337 (2) (333 SE2d 194) (1985), and as a general rule is not required to repeat all the law favorable to the accused. *Fussell v. State,* 187 Ga. App. 134 (1) (369 SE2d 511) (1988). Here, the court did give a complete definition of appellant's affirmative defense in the initial charge and also corrected any error in the assault definitions given during the recharge. Even applying the principle that when the jury requests further instructions on a point favorable to the government, the court also should repeat instructions favorable to the accused if there is a risk of an erroneous impression, see *Walker v. State*, 198 Ga. App. 422, 423-424 (2) (401 SE2d 613) (1991), we find no error because there is no indication the recharge was likely to have left the jury with an erroneous impression. Moreover, the court also reminded the jurors to recall and apply the entire charge. See id. at 424. Under these circumstances, we find no abuse of the trial court's discretion.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1992 —
RECONSIDERATION DENIED MAY 5, 1992.

*Glover & Davis, R. Keith Prater*, for appellant.
*William G. Hamrick, Jr., District Attorney, David P. Oliver, Lisa R. Roberts, Assistant District Attorneys*, for appellee.