## A01A2070. TOWNSEND v. THE STATE.
### (558 SE2d 849)

JOHNSON, Presiding Judge.

A jury found Thomas Townsend guilty of possession of cocaine, driving while his license was suspended, and driving without proof of insurance. On appeal, he challenges the sufficiency of the evidence supporting the possession of cocaine conviction. Because his challenge is without merit, we affirm the conviction.

Viewed in a light most favorable to the verdict, the evidence shows that a police officer followed Townsend and noticed that his truck was weaving over the roadway. The officer observed that Townsend was "paying more attention to [the officer] than to the roadway." The officer activated his patrol car's blue lights, and Townsend pulled over. The officer asked Townsend for his driver's license and proof of insurance. Townsend replied that his license was suspended and handed him an insurance card for a truck that he previously owned, but none for the truck he was driving.

After confirming with a dispatcher that Townsend's license was suspended, the officer placed Townsend under arrest for driving with a suspended license and began searching the truck incident to the arrest. Upon entering the truck, the officer noticed a cellophane wrapper protruding from an opening in the truck's bench seat. As he tilted the bench seat forward to look behind the seat, the officer saw that the wrapper contained two pieces of what appeared to be crack cocaine. The substance, which later tested positive for cocaine, was located "right beside the right side of [Townsend's] body when he would have been sitting in the truck." The officer testified that a person sitting on the bench seat would not have to move the seat in order to place the wrapper inside the opening in the seat.

During the search, the officer noticed that Townsend was extremely nervous. The officer asked Townsend why he was so nervous. Townsend replied that he was nervous because he was driving while his license was suspended. When the officer confronted Townsend with the cocaine he found in the truck, Townsend denied knowing the cocaine was in the truck and stated that he just recently bought the truck.

Townsend contends the evidence was insufficient to support his conviction of cocaine possession because the state failed to prove that

he knew the cocaine was in the truck. He argues that the cocaine was not in plain view, that he had just bought the used truck two days earlier, and that there was no evidence that he ever handled or tried to hide the cocaine. His argument presents no grounds for reversal.

There is a presumption that drugs found within a vehicle actually belong to the driver of the vehicle, particularly when the driver is also the owner of the vehicle.[1] This presumption can be overcome by evidence that someone other than the defendant had the opportunity to commit the crime.[2] However, if there is additional evidence that the accused possessed the drugs — either circumstantial or direct, other than mere ownership, use or possession of the vehicle — then the factfinder must decide whether the evidence of equal access is sufficient to rebut the presumption of possession.[3] For instance, if there is evidence allowing the jury to conclude that another party with access did not place the drugs in the vehicle, or if the jury disbelieves the defendant's claim that others in fact had such access, or if there is other evidence pointing to the defendant, the jury may conclude that the only reasonable hypothesis is that the defendant possessed the drugs.[4]

Here, Townsend was the truck's driver and its sole occupant at the time he was stopped. He was the only person with immediate access to the drugs, and part of the plastic wrapper which contained the drugs was visible from and within reach of his seat. Townsend was visibly nervous during the stop. And Townsend admitted at trial that he had used another illicit drug before, namely marijuana, and that marijuana seeds were found under the truck's seat at the time of the stop, though he denied knowing the seeds were in the truck. Moreover, the police officer testified that, in his experience in investigating drug offenses, cocaine users are "going to keep up with" their drugs, rather than leave them lying around. The jury was authorized to find that the truck's previous owner would not have turned the truck over to its new owner while his cocaine was still in the truck.[5]

Thus, there was circumstantial evidence that went beyond the presumption of possession which arises from ownership alone. A rational trier of fact could have found Townsend guilty beyond a reasonable doubt of possession of cocaine.[6]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

[1] See *Battle v. State*, 244 Ga. App. 599, 601 (1) (536 SE2d 273) (2000); *Visser v. State*, 237 Ga. App. 798, 800 (2) (516 SE2d 840) (1999).

[2] *Bodiford v. State*, 246 Ga. App. 879, 880 (1) (542 SE2d 628) (2000); *Battle*, supra.

[3] Id.

[4] Id.

[5] See *Davis v. State*, 194 Ga. App. 482, 486 (4) (391 SE2d 124) (1990); *Moon v. State*, 194 Ga. App. 777, 778-779 (2) (392 SE2d 19) (1990).

[6] See *Visser*, supra; *Knox v. State*, 216 Ga. App. 90, 92 (3) (453 SE2d 120) (1995).

DECIDED JANUARY 16, 2002.

*Gerald B. Williams*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.