## A02A2130. THE STATE v. HABIB.
### (581 SE2d 576)

BARNES, Judge.

A Cherokee County deputy sheriff stopped Ali Ibrahim Habib because neither he nor his passenger was wearing a seat belt, and subsequently discovered a gram of marijuana in the back seat of the car Habib was driving. Habib was charged with violating the seat belt law and with possession of less than an ounce of marijuana. The trial court granted his motion to suppress, and the State appeals. For the reasons that follow, we affirm.

The defendant stipulated at the motion to suppress hearing that he was not challenging the stop itself, but contended that the officer did not have a reasonable articulable suspicion that justified detaining him in custody. The officer testified that he asked Habib for his license and asked him to step out of the car because he wanted to ask him the passenger's name without the passenger, who had no identification, hearing his answer. He intended to cite both men, who were 19, for seat belt violations. The passenger spoke as if he had a "thick

---

[22] *Folds v. Folds,* 187 Ga. 463, 466 (1 SE2d 4) (1939), citing *Preston v. Ham,* 156 Ga. 223, 234 (119 SE 658) (1923).

tongue," or as if he had something in his mouth, which indicated to the officer that he had been smoking marijuana.

The officer then asked Habib to stick out his tongue, which was stained brown and had a foamy, "cotton-mouth" kind of substance around his tongue, which to the officer was indicative of someone who might have smoked marijuana. He then asked the passenger for permission to search his person, which he testified revealed the smell of marijuana, and the passenger admitted he had smoked marijuana the day before. The officer "felt like" both men had been smoking, and the passenger's admission to smoking the day before coupled with their "cotton mouth" led him to suspect they had marijuana on them.

The officer then asked Habib if he could search his person, and after he had done so and found no contraband, asked if he could search the car. The subsequent search uncovered a gram of marijuana in a cigar tube on the back seat. Finally, the officer testified that he held Habib's license the entire time, that Habib was not free to leave, and that he intended to check for warrants against both men before releasing them. The officer admitted that a person could have a dry mouth for reasons other than marijuana ingestion, such as from medication or smoking cigars or cigarettes.

In its order granting Habib's motion to suppress evidence of the marijuana, the trial court found that the officer had no reasonable suspicion that supported his expanding the scope of his investigation from a minor seat belt violation. The officer never ran Habib's driver's license nor concerned himself further with the initial reason for the stop. Instead, he "launched himself" into a drug investigation based solely on the fact that he thought the driver and passenger had dry mouths, which could have been caused by a number of conditions. The officer proceeded on a "mere hunch," and the detention included not only questions about marijuana use but also a rather extensive search of Habib's person, which was negative.

The trial court further found that Habib's consent to search his car was not freely and voluntarily given, based on the officer's manner of questioning, the defendant's youth, and the extensive personal search that had already taken place. The court concluded that a reasonable person would not have felt free to decline the officer's request or otherwise terminate the encounter.

1. The State argues that the trial court erred by ruling that the deputy impermissibly exceeded the scope of the stop. We review de novo the application of the law to undisputed facts, *State v. Winnie*, 242 Ga. App. 228, 229 (529 SE2d 215) (2000), and we will affirm the trial court's findings on disputed facts unless they are clearly erroneous. *Lambropoulous v. State*, 234 Ga. App. 625 (507 SE2d 225) (1998).

An officer must have more than a mere hunch to detain someone

and then search his car and person. *State v. Jones*, 252 Ga. App. 404, 406 (1) (556 SE2d 495) (2001). He must have an "articulable" suspicion, or a suspicion for which he can articulate a reason. "Articulable suspicion requires a particularized and objective basis for suspecting that a citizen is involved in criminal activity." *Brittian v. State*, 257 Ga. App. 729, 731 (572 SE2d 76) (2002). Simply having a dry mouth does not constitute a particularized and objective basis for suspecting Habib possessed marijuana; the deputy himself testified that the condition could result from a number of different factors. And the fact that the passenger admitted to smoking marijuana the day before, even coupled with the officer's "feeling" that both men had been smoking, does not give rise to an articulable suspicion that the driver possessed drugs. We conclude that the trial court did not err in ruling that the deputy sheriff exceeded the permissible scope of the detention.

2. The State also contends that the trial court erred in ruling that Habib did not freely and voluntarily consent to the search of his car, and notes that an illegal detention does not require suppression of evidence found if the subsequent search was pursuant to a voluntary consent. *Miranda v. State*, 189 Ga. App. 218, 221 (3) (375 SE2d 295) (1988).

> However, in order to eliminate any taint from an involuntary seizure or arrest, there must be proof both that the consent was voluntary and that it was not the product of the illegal detention. Proof of a voluntary consent alone is not sufficient. The relevant factors include the temporal proximity of an illegal seizure and consent, intervening circumstances, and the purpose and flagrancy of the official misconduct. [Cits.]

*VonLinsowe v. State*, 213 Ga. App. 619, 622 (2) (445 SE2d 371) (1994).

While Habib said yes when the deputy asked if he could search the car, a videotape of the entire stop shows that the officer had already performed an extensive search of both Habib and his passenger, making the passenger remove his shoes. The officer admitted that he held Habib's driver's license while asking questions unrelated to the seat belt violation, and that Habib was not free to go. "Because [Habib's] consent to search his [car] was the product of this illegal detention, it was not valid. [Cit.]" *State v. Gibbons*, 248 Ga. App. 859, 864 (547 SE2d 679) (2001). Therefore, the trial court did not err in granting Habib's motion to suppress.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 13, 2003.

*G. Channing Ruskell, Solicitor-General, Anthony B. Williams, Assistant Solicitor-General,* for appellant.
*Steven A. Cook,* for appellee.