A05A0728. COLLINS v. THE STATE.
(615 SE2d 646)

ADAMS, Judge.

William Collins appeals his conviction, following a jury trial, of possession of more than 28 grams of a mixture containing methamphetamine. We affirm.

In considering this appeal, we view the evidence in a light most favorable to the jury's verdict, and Collins no longer enjoys a presumption of innocence. This Court does not weigh the evidence nor resolve issues of witness credibility, but merely determines whether the evidence was sufficient to find Collins guilty beyond a reasonable doubt. *Crowder v. State*, 271 Ga. App. 177, 177-178 (609 SE2d 134) (2004).

Viewed in that light, the evidence shows that shortly before midnight on May 29, 2003, Officer William Holt of the Powder Springs Police Department stopped Collins's car because it did not appear to have a license tag. After stopping the car, the officer observed that the car did have a license tag, but the car's tag light was

---

not working. Collins was driving the car and had a woman passenger. As Officer Holt approached Collins's car, he noticed a "faint odor of marijuana" coming from inside. The car had a T-top roof, which was open, thus exposing the interior to the open air.

Officer Holt informed Collins about the broken tag light, and he observed that Collins appeared nervous. He also mentioned the marijuana smell and asked for Collins's permission to search his car. Collins refused to give his consent. The officer then called for a police drug dog to perform a search. Officer Holt testified that at that point Collins became "very argumentative and defensive." The canine officer arrived shortly thereafter, and the police dog performed an open air search around Collins's car. After sniffing around the car and the car's open windows, the dog alerted to the presence of contraband. In a subsequent search of the car's interior, police discovered a substance they believed to be methamphetamine in a metal container as well as drug paraphernalia. The substance was later identified as being in excess of 28 grams of methamphetamine. Police later recovered over $740 in United States currency from Collins's person.

Officer Holt placed Collins under arrest and drove him to the police department for questioning. On the way, Collins attempted to hide an additional amount of suspected methamphetamine in the back of the patrol car.

At the police station, Officer Nicholas William Hardy read Collins his *Miranda* rights. Collins indicated that he understood these rights; that he waived his rights and that he would be willing to submit to police questioning and signed a written waiver of rights form affirming this. During questioning, Collins initially denied knowing anything about the contraband found in his car, but later admitted that the substance belonged to him and not to his female passenger.

1. Collins asserts that the trial court erred in denying his motion to suppress the statements he made to police. "In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily." (Citation omitted.) *Folson v. State*, 278 Ga. 690, 692 (2) (606 SE2d 262) (2004). And we will affirm the trial court's findings as to factual issues and credibility unless clearly erroneous. Id.

Here, the record shows that Officer Hardy read Collins his *Miranda* rights and Collins signed a written waiver of rights form prior to the custodial interview. Officer Hardy testified that at the time, Collins was alert and conscious and did not appear to be under the influence of drugs or alcohol. He responded to the officer's questioning and his speech was coherent. Collins stated that he did

not want an attorney and agreed to answer questions without an attorney present. Hardy also testified that he did not make any promises to Collins or coerce him in any way.

The evidence supports the trial court's finding that Collins's statement was voluntary, and thus, the trial court did not err in denying his motion to suppress his statement. *Whitehead v. State*, 258 Ga. App. 271, 274 (1) (c) (574 SE2d 351) (2002).

2. Collins next argues that the trial court erred in denying his motion to suppress the evidence seized from the search of his car.

While Collins does not challenge Officer Holt's authority to stop his car on the suspicion that he did not have a license tag, he claims that once the officer determined that he had a tag, any further detention and investigation was unwarranted.

But this argument ignores the fact that the license tag light on Collins's car was inoperable, which, given that Officer Holt was unable to see the license tag, may have constituted a violation of OCGA § 40-8-23 (d)[1] and which justified further investigation. Moreover, Officer Holt testified he smelled marijuana as he approached Collins's car and observed that Collins appeared nervous. These factors provided reasonable, articulable suspicion for the officer to detain Collins for further investigation. See *Wright v. State*, 272 Ga. App. 423, 428 (3) (612 SE2d 576) (2005); *Cole v. State*, 254 Ga. App. 424 (1) (562 SE2d 720) (2002). See also *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999). When Collins refused to consent to a search, the officer was authorized to call in a drug dog to perform an open air search. See *Gary v. State*, 268 Ga. App. 773, 777 (3) (603 SE2d 304) (2004).

We find this case to be distinguishable from *State v. Jones*, 252 Ga. App. 404 (556 SE2d 495) (2001), cited by Collins. In that case, a police officer stopped a car based upon a mistaken belief that the car's drive-out tag had expired. This Court found that once the officer determined his mistake, any further detention was unauthorized because there was no evidence to justify a reasonable suspicion of any other criminal activity. Thus, the Court affirmed the trial court's suppression of subsequently discovered evidence. Id. at 407 (2). Here, although Officer Holt was mistaken with regard to the original basis for the stop, the additional factors noted above justified Collins's further detention.

---

[1] That statute requires that "[e]ither a taillight or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear."

3. Collins also contends that the evidence was insufficient to support his conviction because the evidence showed that his female passenger had equal access to the methamphetamine found in his car.

"Under Georgia law, the driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access." (Citation and punctuation omitted.) *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005). Although this presumption may be overcome by evidence that others had equal access to the substance, "[t]his rule applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle." (Citation and punctuation omitted.) Id. at 34. Moreover, the determination of whether the evidence of equal access is sufficient to rebut the presumption of possession is a question for the jury. Id. Here, Collins's admission that the methamphetamine belonged to him, when coupled with evidence that Collins was in possession of drug paraphernalia and over $740 in currency, was sufficient to overcome any evidence of equal access. See *Turner v. State*, 247 Ga. App. 775, 776 (1) (544 SE2d 765) (2001).

Thus, the jury was authorized to find Collins guilty beyond a reasonable doubt of the crime for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Neill v. State*, 247 Ga. App. 152, 155 (3) (543 SE2d 436) (2000).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 9, 2005.

*Patrick G. Longhi*, for appellant.
*Patrick H. Head, District Attorney, Kathryn E. Cozzo, Dana J. Norman, Assistant District Attorneys*, for appellee.