A07A0836. McGEE v. THE STATE.
(651 SE2d 546)

RUFFIN, Judge.

Following a bench trial, the trial court found Christopher Bernard McGee guilty of trafficking in cocaine, failing to maintain lane, and violating the seat belt law. McGee appeals, challenging the sufficiency of the evidence supporting his drug conviction. For reasons that follow, we affirm.

In reviewing McGee's challenge to the sufficiency of the evidence, we construe the evidence in a light most favorable to the verdict, and McGee no longer enjoys a presumption of innocence.[1] We do not weigh

---

[4] See id.
[5] See id.
[6] See OCGA § 17-6-1 (g).
[7] OCGA § 17-6-1 (g).
[8] See *Hunter v. State*, 219 Ga. App. 758, 759 (3) (467 SE2d 2) (1996).
[1] See *Collins v. State*, 273 Ga. App. 598 (615 SE2d 646) (2005).

the evidence or resolve issues of witness credibility, but merely determine "whether the evidence was sufficient to find [McGee] guilty beyond a reasonable doubt."[2]

So viewed, the evidence shows that on March 17, 2005, Trooper Brian Scott of the Georgia State Patrol observed McGee driving without a seat belt and failing to maintain his lane. Scott stopped McGee's car based on these traffic violations. During the traffic stop, Scott smelled marijuana coming from either McGee or the car, and he noticed that McGee was sweating profusely. McGee consented to a search of the car, and Scott discovered a small bag of suspected marijuana under the floor mat on the driver's side. Scott arrested McGee, then continued searching the car. Inside the trunk, he located a shoe box containing 997.4 grams of 62.9 percent cocaine.

Agent James Parker of the Georgia Bureau of Investigation interviewed McGee following his arrest. McGee asserted that his sister owned the car, that he had taken it to a car wash and to have new tires put on it, and that he knew nothing about the cocaine in the trunk. McGee admitted, however, that he had purchased and was wearing the shoes originally packaged in the cocaine-filled shoe box found in the trunk. Based on his training and extensive experience working narcotics cases, Parker estimated the street value of the cocaine in the shoe box to be between $17,000 and $25,000. Parker also searched McGee and discovered $1,100 in cash in his pocket.

The trial court found McGee guilty of trafficking in cocaine, failure to maintain lane, and failure to wear a seat belt. McGee appeals, arguing that the circumstantial evidence did not connect him to the cocaine and that other persons, including the car owner, had equal access to the trunk and its contents.

Absent evidence to the contrary, the driver of an automobile is presumed to have possession and control of drugs found in the vehicle.[3] Such presumption may be rebutted by evidence that another person had equal access to the car and the contraband.[4] But the equal access rule only applies " 'where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle.' "[5] And the finder of fact must determine whether the equal access evidence sufficiently rebuts the presumption of possession.[6]

---

[2] Id.
[3] See id. at 601 (3).
[4] See id.
[5] Id.
[6] See id.

McGee was driving a car containing over 900 grams of cocaine, raising a presumption that he possessed and controlled the drugs.[7] Although the evidence also showed that McGee did not own the vehicle and that other persons — particularly the car owner — had equal access to it, the link between McGee and the cocaine was not based solely on the presumption of possession. For example, Trooper Scott smelled marijuana when he first approached the vehicle, and he discovered suspected marijuana near McGee's feet under the driver's floor mat. Moreover, McGee admitted that he purchased and was wearing the shoes originally packaged in the box containing the cocaine. A search of his person further revealed a large sum of cash.

Such evidence established a connection between McGee and the cocaine beyond the mere presumption of possession.[8] Although the evidence tying him to the contraband was circumstantial, the trial court reasonably rejected McGee's suggestion that the car owner or someone else with access to the vehicle left cocaine with a street value of at least $17,000 not only in the car trunk, but in a box the contents of which McGee purchased.[9]

On appeal, McGee claims that the trial court should not have considered evidence relating to marijuana found in the car because (1) the State never tested the substance and thus did not prove it to be marijuana, and (2) the State did not show that he knew about or possessed the marijuana.[10] McGee, however, did not object to testimony by Scott and other officers that the car contained marijuana. And he has cited no authority that prohibited the trial court from considering this testimony, which was admitted into evidence without objection, or from factoring it into the totality of the evidence. Moreover, McGee was not indicted for any offense relating to the

---

[7] See id.

[8] See *Townsend v. State*, 253 Ga. App. 316, 317 (558 SE2d 849) (2002); see also *Ryans v. State*, 226 Ga. App. 595, 596-597 (1) (487 SE2d 130) (1997) (evidence that defendant was carrying a large sum of cash helped support conclusion that defendant constructively possessed drugs at issue).

[9] See *Townsend*, supra; *Mitchell v. State*, 222 Ga. App. 453, 455 (2) (474 SE2d 306) (1996); OCGA § 16-13-31 (a) (1) ("[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine").

[10] McGee also claims that the trial court should not have considered any custodial statements he made regarding the marijuana. The record shows, however, that the trial court, in fact, disregarded these statements. As the trial judge explained: "Any questions about the marijuana after [McGee] was placed in handcuffs, any questions about the marijuana and answers given to those questions I'm going to disregard."

marijuana. The numerous cases he cites regarding the level of proof necessary to sustain a conviction for marijuana possession, therefore, are inapposite.[11]

Pointing to post-trial statements made by the trial court, McGee also argues that the court erroneously refused to consider his equal access defense. Nothing in the court's statements, however, supports this claim. Instead, the trial court rejected the broad proposition that McGee could not be convicted simply because another person had equal access to the car. The trial judge further noted that the cases McGee cited in support of the equal access defense were factually distinguishable from his case.[12] And the trial judge stated that he "wrestled with" the equal access issue in reaching his decision.

The record shows that the trial court considered McGee's equal access theory, but determined that it did not demand a defense verdict. As discussed above, the evidence supported this conclusion, as well as the trial court's ultimate finding that McGee knowingly possessed the contraband and trafficked in cocaine.[13] Accordingly, we find no merit in McGee's challenge to the sufficiency of the evidence.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 10, 2007 — 

*Danny L. Durham, Henry N. Crane III*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[11] See, e.g., *Fuller v. State*, 256 Ga. App. 840, 844 (3) (570 SE2d 43) (2002); *Adkinson v. State*, 236 Ga. App. 270, 271 (1) (a) (511 SE2d 527) (1999); *Phillips v. State*, 133 Ga. App. 392, 393 (210 SE2d 858) (1974).

[12] See, e.g., *Mackey v. State*, 234 Ga. App. 554, 555 (507 SE2d 482) (1998) (equal access defense demanded acquittal where only evidence linking defendant to cocaine in car he was driving — but to which others had equal access — was his proximity to the contraband); *Whipple v. State*, 207 Ga. App. 131 (1) (427 SE2d 101) (1993) (State could not overcome evidence of equal access where nothing other than presumption of possession linked defendant to contraband in vehicle).

[13] See *Townsend*, supra; *Mitchell*, supra; OCGA § 16-13-31 (a) (1).